*22 The opinion of the court was delivered by
Chief Justice Boyle.
This is a writ of error to a decree in chancery. The decree was given in favor of the defendant in error, who was complainant in the court below, against the plaintiffs in error, and others, defendants, directing each of them to convey to him by metes and bounds, distinct tracts or parcels of land, held by them respectively in severalty, anij not jointly.
Whether the decree be considered a joint or a several one, it is equally clear that the writ of error is irregularly brought ⅛ the names of the plaintiffs in error. If it be assumed a j°*nt decree, fhen ^ evident that the writ of error being brought in the names .of part only of those against whom it was pronounced, is irregular; for it isa settled ru^e’ xvr'l error niust be brought in the names of those against whom this judgment or decree is given. Nor can it make any difference, that those who are not named in the writ of error in this ease, are dead, as is al-ledged by the plaintiff in error; for if such be the case, the °*' those who are dead ought to have joined in the error. It is true, according to the principles of the common law, if a joint judgment wns obtained against sc-yeral, and a part of them died, the Writ of error, in such C3Se must he brought in the names of the survivors. But this doctrine ivas founded upon the principle that the charge survived against the surviving defendants, and it was not aPP‘*c^ to cases where the charge on the thing for which judgment was given, would not survive, but would descend to the heirs of the deceased defendants. Thus it.has been that if a judgment be given against two co-part-Rers> and one °f them die, the survivor and the heirs of the deceased co-partner should join in a writ of error: 9 Vin. Abr. 497. So in this case, as it is obvious that the -an<^ decreed to be conveyed by the deceased defendants, descended to their heirs, it follows that they ought to have joined in the writ of error; ana this is in strict conformity 1° the rule often recognised by this court, that those who would be entitled to the thing, if the judgment were reven*-’ ed, will have a right to niaintain a writ of error.
Hardin, IJaggin, Popé and Talbot for appellants, Bibb for appellee, *
Tocrf£g several, there must error^vide Cro. Car 300* Hob.72, Style 174, Cartb. 447, which last cites 1st Salk. 89, S Mod 397,6th ¡¿p 161_ ‘ *
Note. — This question came on again, fall term, 1818, on a motion to discharge a writ of error, Estills heirs, & al. vs. Clay, and was adjudged accordingly; but being a verbal opinion, is not reported.
Bui assuming the decree to be several in this case, still the writ of error could not be maintained in the name of the plaintiffs in error, for they have not a joint interest in the land they are respectively decreed to convey; and having no joint interest, they cannot have a joint right to maintain a writ of error. Upon the whole, therefore, it is clear that all the defendants in the court below, against whom the decree was pronounced, must either have a joint right io maintain one writ of error, or each of them must have a separate right to maintain a several writ of error, and in either point of view the writ of error in this case, has been improvidently brought'in the names of the plaintiffs in error. /
The writ of error must therefore be quashed.