Lucien Warner

*vs.*

John Grace, interpleaded with others.

A public officer cannot receive, for performing an official duty, any other compensation or reward than that which is prescribed by law.

Where a deputy sheriff, upon the request of another person, and upon information furnished him by such person, arrested in his county, without a warrant, a person who had committed a felony in another county, for whose arrest and delivery to the authorities of the proper county a reward was offered, and delivered him to such authorities, he is not entitled to receive such reward. If he was satisfied that the information furnished him was true, it was his duty, as a peace officer, to make the arrest, and for making it he was entitled to the same fees as though it were made under a warrant.

The plaintiff on or about the 13th June, 1868, offered a certain reward ($600) "to any person or persons who would or should within a reasonable time thereafter, arrest and deliver to the authorities of the county of Carver, in this State, one Horatio Robinson," &c. Robinson was soon after arrested, and the reward was claimed severally by the defendants. The plaintiff deposited the money in court, and brought this suit requiring the defendants to interplead, for the purpose of determining which of the claimants was entitled to the reward.

The action was tried by the Court of Common Pleas for Ramsey county, without a jury, and determined adversely to the defendant Grace, and in favor of the defendants Crosley and Koucher. Defendant Grace moved for a new

trial, which was denied, and he appeals to this court. The circumstances of the arrest and the points presented, are sufficiently stated in the opinion of the court.

H. J. HORN for Appellant.

W. P. WARNER for Respondents.

*By the Court*—GILFILLAN, Ch. J.—On the 13th day of June, 1868, the plaintiff caused to be published in the public newspapers, a notice, whereby he offered a reward "for the arrest and delivery to the authorities of Carver county," of a person who had committed a felony in that county. The man was so arrested and delivered. The reward was claimed by the defendants Crosley and Koucher jointly, by the defendant Grace, and by the defendant Wolff. The plaintiff brought this action in the nature of a bill of interpleader against all the persons claiming the reward, and on his paying the money into court, judgment was entered discharging him, and directing the action to proceed between the defendants. The action proceeded and was tried by the court without a jury, and a finding made directing judgment for the payment of the money to the defendants Crosley and Koucher. Defendant Grace made a motion for a new trial, and from the order denying it appealed to this court. The facts are briefly these. On the 16th of June, a man, who afterwards proved to be the one for whom the reward was offered, stopped for a short time at the house of defendant Crosley. The next day Crosley received a copy of a newspaper, in which the notice offering the reward and a description of the felon was published, and the suspicions of himself and wife were then aroused that the person who had stopped at their house the day before was the felon.

The man, after leaving Crosley's entered into the employment of a neighbor. On the 22d, this neighbor called at Crosley's, and Crosley getting from him a further description of the man, he and his wife became convinced that he was the same man for whom the reward was offered. Crosley thereupon sent his wife to Koucher to tell him of the circumstances, and procure him to go to St. Paul and get an officer to arrest the man. This she did, and Koucher immediately went to St. Paul, to the defendant Grace, who was deputy sheriff of Ramsey county, stated to him the information he had received from the wife of Crosley, and desired him to go and arrest the man. Grace, accompanied by Koucher to show him where the man was, went and arrested him, without process, it being in Ramsey county, lodged him in the common jail of the county, and there delivered him three days after, to the sheriff of Carver county. Prior to Koucher coming to him, Grace had made search for the felon in his county, but without result.

It is undoubtedly a sound rule of law, that a public officer shall not be allowed to receive, for performing an official duty, any other compensation or reward than that which is prescribed by law. *Staterbury vs. Smith,* 2 *Burrow,* 924 ; *Hatch vs. Mann,* 15 *Wendell,* 44; *Smith vs. Whildin,* 10 *Penn. State R.,* 39 ; *Gilmore vs. Lewis,* 10 *Ohio State R.*; 281. The General Statutes, *sec.* 172, *chap.* 8, and *sec.* 30, *chap.* 70, re-enact the principles of the common law.

A sheriff or other peace officer may probably perform services in the detection and punishment of crimes and recovery of property stolen, which it is not his official duty to perform, and for such services may receive a reward. *England vs. Davidson,* 39 *Eng. Com. Law,* 354. We will not undertake to specify what acts or services might come within this class. The act of Grace in making the arrest, under

the circumstances, did not; he merely arrested the man upon the information given, or "charge made," by others. When the felon's whereabouts had been discovered and communicated to him for the purpose of procuring him to make the arrest, if he was satisfied that the information or charge was true, it was his duty to arrest and deliver the felon to the proper authorities.

The statute makes it the duty of a sheriff to "keep and preserve the peace in his county, for which purpose he is empowered to call to his aid such persons or power of his county as he deems necessary. He shall also pursue and apprehend all felons, execute all warrants, writs and other process," &c. *Gen. Stat.*, *Sec. 167, Ch.* 8. Of course it is not his duty to pursue and apprehend felons except where authority to arrest is given, either by warrant, or by the statute without a warrant.

"A peace officer may, without a warrant, arrest a person:

*First*—For a public offense committed or attempted in his presence;

*Second*—When a person arrested has committed a felony, although not in his presence;

*Third*—When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

*Fourth*—On a charge made upon reasonable cause, of the commission of a felony.' *General Stats. Sec.* 11, *Chap.* 105.

Whether a sheriff arrest a person under a warrant, or under the authority thus given by statute, he acts in his official capacity. His duty to arrest, where a case specified in the statute is sufficiently brought to his knowledge, is as imperative as when a warrant is in his hands.

A private person may arrest in the first three cases specified in the statute, but it is not made his legal duty, as it is of

the sheriff, to "keep and preserve the peace," and to "pursue and apprehend all felons."

Authority is given, in the cases specified, to the private person; authority is not only given to the sheriff, but the duty is enjoined.    For making an arrest in such case, the sheriff is entitled to the same compensation as for making an arrest under a warrant.

The order refusing a new trial is affirmed.