to garnishment as if in the hands of a private person. *Burleson* v. *Milan*, 56 Miss. 399. Certainly, that which may be done by garnishment may be done by plenary proceedings in equity to which all claiming an interest in the fund in controversy are made parties; and so it would seem that, as a creditor of A. Proskauer & Co. could have reached this fund by garnishment and thereby precluded them from maintaining a motion against the sheriff to compel its payment to themselves, the same result should follow in behalf of those who have in a competent tribunal instituted proceedings to show that they are, and that Proskauer & Co. are not, legally entitled to it.

The judgment of the court below not being in accordance with these views is reversed, and the motion against the sheriff dismissed.                                        *Judgment accordingly.*

---

## EX PARTE J. W. GORE.

REWARD FOR CAPTURE. *Fugitive homicide. Official duty.*

A constable who apprehends a homicide within his county, fleeing before arrest, and delivers him up for trial, simply performs his duty (Code 1871, § 280), and is not entitled to the reward provided in Code 1871, § 2786, for persons not under official obligation to take prisoners.

APPEAL from the Circuit Court of Union County.

Hon. J. W. C. WATSON, Judge.

A man who had killed another in Union County, and was fleeing from justice, was, on information derived through a telegraphic despatch and without a warrant, first arrested on the train when it stopped at West Point in Clay County by the appellant, who was marshal of the town, and *ex officio* constable for the county. After delivering his prisoner to the sheriff of Union County, the appellant petitioned the Circuit Court for the statutory reward, which was refused upon the ground that it was his official duty to apprehend the fugitive.

*Barry & Beckett*, for the appellant.

As the appellant did not act in his official capacity, but made the arrest without a warrant on the faith of a telegram, and left his bailiwick to deliver the prisoner for trial, all on his per-

sonal risk and at his individual expense, he is entitled to the reward. *Davis* v. *Munson*, 43 Vt. 676; *Russell* v. *Stewart*, 44 Vt. 170; *Hayden* v. *Souger*, 56 Ind. 42. To defeat the recovery, it must be shown that the officer had a warrant, under which it was his duty to take the homicide into custody. *Gillmore* v. *Lewis*, 12 Ohio, 281; *Brown* v. *Godfrey*, 33 Vt. 120.

*T. C. Catchings*, Attorney General, *contra*.

The ruling of the court is in accordance with public policy, and supported by reason and authority. *Day* v. *Putnam Ins. Co.*, 16 Minn. 408; *Marking* v. *Needy*, 8 Bush, 22.

CAMPBELL, J., delivered the opinion of the court.

The constable did only his duty in making the arrest. It is the duty of a constable " to keep and preserve the peace within his county," and " faithfully to aid and assist in executing the criminal laws of this State." Code 1871, § 280. He assumes this obligation in entering the office, and is not entitled to any pay except that specifically provided. The reward offered by § 2786 of the Code was designed to induce the arrest of fleeing homicides by persons not under an official obligation to do it. *Warner* v. *Grace*, 14 Minn. 487.          *Judgment affirmed.*

---

W. C. BRIDGES ET AL. *v.* BOARD OF SUPERVISORS OF CLAY COUNTY.

1. APPEAL. *Not matter of right. Regulated by statute.*
   Appeals are not matters of right, but are allowable only in the cases and on the terms prescribed by the statute, which are conditions precedent that must be complied with in order to give the appellate court jurisdiction.

2. BOARD OF SUPERVISORS. *Circuit Court. Practice on appeal.*
   On appeal to the Circuit Court from a decision of the board of supervisors, under Code 1871, § 1383, the judge must try the case on the bill of exceptions signed by the president of the board, and can render no judgment but that of affirmance or reversal.

3. SAME. *Appeal. Trial and judgment. No jurisdiction by consent.*
   The board of supervisors has no power to consent to any other mode of trial, or to give the Circuit Court jurisdiction to render a judgment