Crew, J.
On February 28th, 1902, Harlan H. Edmund, the defendant in error, brought suit in the court of common pleas of Perry county, Ohio, against The Somerset Bank, to recoyer the sum of six hundred dollars as a reward for procuring the. arrest and conviction of certain persons who had theretofore, on the night of March 25th, 1901, broken into and robbed said bank. In his petition the plaintiff alleged: “That on or about the 26th day of March, A. D, 1901, certain persons whose names were then unknown, in the night season, maliciously and forcibly broke and entered. the office and building of said bank situate in the village of Somerset in said county, with intent to steal the moneys and property of value of said bank, and the said persons did then steal and carry away of the moneys and property a *400 large amount thereof of the value of about $5,000. That shortly after the said robbery, and on the 26th day of March, A. D. 1901, the said bank .publicly gave it out, and gave it 'to be understood by the public, that it would pay a liberal reward for the arrest and conviction of the said robbers of said bank. That the said offer on the said day was communicated to the plaintiff herein, who, relying upon the said offer of a liberal reward for the arrest and conviction of said robbers, proceeded at great expense of time and money to make diligent search for said robbers, and having discovered them * * *. that the plaintiff did procure the arrest and conviction of said robbers, of which the defendant had notice and knowledge, and is entitled to the liberal reward offered by the defendant for such arrest' and conviction. That a fair, though not a liberal reward therefor, is the sum of six hundred dollars. That though often requested the defendant has neglected and refused to pay such sum as such reward, and there is due the plaintiff by reason of the premises, from the said defendant, the said sum of six'hundred dollars; for which sum' with interest from this date he prays judgment against the defendant, •and he prays for all other proper relief.” To this petition the bank filed answer, and in addition to other defenses therein alleged, pleaded, as a bar to the plaintiff’s right to recover, the following matter of defense: “And the defendant further answering says that on and prior to March 26th, 1901, and from that time until the last of April, 1901, the said plaintiff was the duly elected, qualified and acting constable of Thorne township in said Perry county, Ohio; that as such constable *401 it was said plaintiff’s duty, and he was required by law, to apprehend, pursue, arrest, and bring to justice the said perpetrators of said crime, and all that plaintiff did, if anything, in the apprehension or arrest of any or all of said parties, or the bringing of them or any of them to justice, was done by him when he was such qualified and’ acting constable, and as such constable and within his jurisdiction as such constable.” To this defense the plaintiff replied admitting, that on March 26th, 1901, and from, that date until the last of April, 1901, he was, as alleged in defendant’s answer, the duly elected, qualified and acting constable of Thorne township in said Perry county. And further replying plaintiff says: “That he denies that as such constable it was his duty of that he was required by law to apprehend, pursue, arrest or bring to justice the said perpetrators of said cririie; that he did not find them or either of them committing said crime or otherwise violating any of the laws of said state, nor was the said crime committed in the presence of said plaintiff, nor did said plaintiff have any knowledge thereof until after the crime had been committed and completed.
That after the commission of said crime and before the arrest of, the perpetrators thereof, it was unknown by, any one-who were the perpetrators thereof, and said plaintiff had 110 information or suspicion as to who were the perpetrators thereof, nor was there up to the time of said arrest any charge made or filed against said perpetrators. And he says that no warrant' for the arrest of the said perpetrators of said crime or any of them had, .previous to their apprehension *402 been issued to the said plaintiff or any other officer of the law, and he says that what said plaintiff did in respect of said arrest and conviction was in pursuance of Section 7130 of the Revised Statutes of Ohio, and was in pursuance of the reward offered by the said defendant, .as in the petition set forth, for the apprehension and conviction of the perpetrators of said crime and not otherwise. And said plaintiff says that what he did in the said matter was not done by him as such constable and was without his jurisdiction as such officer.
• “Wherefore said plaintiff demands judgment as in his petition prayed for.”
The-cause was tried to a jury and at the close of the plaintiff’s evidence the court, on motion, directed the jury to return a verdict for the defendant, which was accordingly done, and judgment was entered on said verdict in favor of the defendant. This judgment was reversed by the circuit court, and the bank now prosecutes error and asks this court to reverse the judgment of the circuit court and to affirm the judgment of the court of common pleas. While the petition of plaintiff in error herein contains, numerous assignments of alleged error jn the proceedings and judgment of the circuit court, . it is, we think, only necessary or profitable in the present case, that we consider the second ground or assignment of error therein alleged, which is that: “Said circuit court erred in finding and holding that the common pleas court erred in directing the jury to render a verdict for the plaintiff in error herein.” Under this assignment there is presented by the record in this case, the question of whether *403 a constable, who within his jurisdiction, but without a warrant, arrests a person who has committed a felony and for whose arrest a reward has been offered, may rightfully and legally receive or recover such reward.
That it is contrary to public policy and sound morals, and a violation of well established legal principles, to permit a public officer to accept an offer of reward for the performance of a service which the law enjoins upon him as a duty, is not denied by counsel for defendant in error. But they say, that under the laws of the state of Ohio; a constable, as such, is neither authorized nor required to make an arrest in any case without a warrant, except for a crime or offense committed in his presence; and they assert that the services performed by the defendant in error herein, for which he seeks to recover a reward in this case, were services entirely outside of his official duty as constable, and that the arrests made were not made by him in his official capacity but as an individual, under the authority of Section 7130, Revised Statutes, which section provides that: “When a felony has been committed, any person may, without warrant, arrest another who he believes, and has reasonable cause to believe, is guilty of the offense, and may detain him until a legal warrant can be obtained.” Their precise claim in this behalf is stated by them in their brief as follows: “The mere fact that the • defendant in error was a constable of Thorne township did not bar his right of action for this reward, for the reason that he had no warrant for the arrest of these or any other perpetrators of this crime and therefore did what he did,, not as *404 an officer at all, but simply as a private citizen incited to activity by offer of the reward.” This view, we think, can not be maintained. A constable, in this state, is, by virtue of his office, a conservator of the peace; and whenever he has knowledge, or specific information, that a felony has been committed at a particular locality within his jurisdiction, it is clearly his duty to take diligent and prompt measures for the arrest and apprehension of the perpetrators of said crime, and where he does this, and secures their arrest, the law will not hear him say, .or permit him to claim, that an arrest thus affected, pursuant to official dut)q was made by him in his individual capacity as a private citizen. • Section 6694, Revised Statutes, provides that: “It shall be the duty of every constable to apprehend, on view or warrant, and bring to justice, all felons and disturbers and violators of the criminal laws of this state, to suppress all riots, affrays and unlawful assemblies which may come to his knowledge, and, generally, to keep the peace in his proper county.” Section 6699, Revised Statutes, provides as to constables that: “It shall be their duty to apprehend and bring to justice felons and disturbers of the peace, * * * and if any person charged with the commission of any crime or offense, shall flee from justice, it shall be lawful for any constable of the county wherein such crime or offense was committed, and he is hereby authorized and required to pursue after and arrest such fugitive from justice in any other county in this state, and such fugitive to convey before any justice of the peace of the county where such crime or offense was committed.” Whether, then, a constable ar *405 rests a person upon a warrant duly issued, or, pursuant to the authority vested in him by virtue of his office, as a conservator of .the peace, arrests without a warrant, in either case, he is but performing his sworn duty as a public officer, and will be held to have acted in his official capacity. And both public policy and sound morals forbid that he should be permitted to demand -or receive for the performance of a purely legal duty any fee or reward other than that established and allowed by law as compensation for the services rendered. Gilmore v. Lewis, 12 Ohio, 281; Warner v. Grace, 14 Minn., 487; Railway Co. v. Grafton, 51 Ark., 504; Smith v. Whildin, 10 Pa. St., 39; Rea v. Smith et al., 2 Handy, 193; Witty v. Southern Pacific Co. et al., 76 Fed. Rep., 217; Kick v. Merry, 23 Mo., 72; Marking v. Needy & Hatch, 8 Ky., 22; Ring v. Devlin et al., 68 Wis., 384; Mechem’s Public Officers, Sec. 885; Throop, Public Officers, Secs. 478-484.
■ In Gilmore v. Lewis, supra, this court said, Wood, Judge, delivering the opinion in that case, that: “As a civil duty every individual is bound to use reasonable exertion to effect the punishment of crime; but the law imposes no such obligation on the private citizen, unless called upon for assistance, by its ministerial .officers; and an offeréd reward is, frequently, the only hope of remuneration for a meritorious service rendered the commonwealth. But public officers, on whom the law casts this duty, from whom it requires exertion, and to whom it affords adequate compensation, occupy different ground. It is an indictable offense in them to exact and receive anything but what the law allows for the performance of their *406 legal duties. A promise to pay them extra compensation is absolutely void under the statute of Ohio.”
In the case at bar, the fact that defendant in error did not have with him, or in his possession, a legal warrant at the time of making the arrests, is wholly immaterial. His general authority as a peace officer was, under the • facts and circumstances disclosed by this record, the only authority required to justify the arrests made. For the foregoing reasons, briefly stated, and on principles that seem well settled by the authorities we are of opinion that the defendant in error is not entitled to maintain this action, and that the court of common pleas properly directed the jury to return a verdict in favor of the bank. While it can be said in this case that the defendant in error as a public officer performed his duty faithfully and well, this can not in law entitle him to the' reward he claims.

The judgment of the circuit court zvill be reversed and the judgment of the court of common pleas affirmed.

Shauck, C.‘ J., Price, Summers, Spear and Davis, JJ., concur.