SMITH, respondent, v. LOVELL, appellant.

LIABILITY OF SURETIES — *official bond* — *probate judge* — *breach of conditions.*
   The failure of the probate judge to make the proper order on the final
   report of the administrator, and instead thereof, ordering said administra-
   tor to pay over the moneys belonging to the estate into .the hands of the
   probate judge, is such a breach of the condition of the official bond, guar-
   anteeing " a faithful performance of official duties," as to sustain an action
   by the lawful heirs against the sureties of the probate judge.   Failure to
   do what the law requires, as well as doing what the law does not allow, is
   a breach of the bond.

PROBATE JUDGE — *attorney.*   The probate judge cannot act as attorney in his
   own court.

*Appeal from First District, Madison County.*

J. G. SPRATT, for appellant.

S. WORD, for respondent.

WADE, C. J.   The question in this case relates to the liability
of sureties upon the official bond of a probate judge.   The admin-
istrator of the estate of A. F. Smith, deceased, rendered his final
account to one of the appellants, Lovell, probate judge of Madison
county, showing $529.83 in his hands, for distribution to the
heirs.   The probate judge then entered an order on the journal
of his court, requiring the administrator to pay the money to him,
the probate judge.   The money was paid according to this order.
The heirs of the decedent have demanded the money of the pro-
bate judge, who fails to pay it, and bring this action against the
sureties on his bond, to compel the payment to them of this
money so paid by the administrator.

The liability of the sureties depends upon the construction of the
condition of the bond of the probate judge, and the statutes
defining the duties of this officer, upon the rendition of the final
account of an administrator, with money in his hands for distribu-
tion.   This condition is as follows: " That, whereas, the above-
bounden William Y. Lovell was duly elected to the office of pro-
bate judge of Madison county, on the 2d day of August, 1869:
Now, therefore, if the said William Y. Lovell shall faithfully

perform all the duties of his said office, and shall pay over all moneys that may come into his hands, as such probate judge, as required by law," etc.   The statute referred to is as follows : "If it appear, upon final settlement, that the legatee or the distributee is a non-resident of this Territory, or from any other cause is not in a situation to receive his share, and give a discharge therefor, or does not appear by himself or authorized agent to receive the same, the probate court shall order the executor or administrator to lend out the money on good security, for such limited time as the court may direct, not exceeding one year."   Cod. Sts. 360, § 246.

Sureties have the right to rely upon the letter of their undertakings, and their liability cannot be extended by implication.   A public officer's sureties are only responsible for the duties assigned such officer by the law.   Where the law defines the duties of a public officer, his sureties are responsible for the faithful performance of such duties, and are not responsible for acts which do not pertain to his office.   These sureties, standing upon these principles, say that the order of the judge requiring the administrator to pay this money to himself was an order not enjoined by the statute, and therefore void, and that the payment of the money, by the administrator to the judge, was an act not required by the statute and in violation of it, and therefore they are discharged.

If the law requires an officer to pay to his successor the moneys received by virtue of his office, and instead of doing this he purchased for himself a residence with the money, and was thereby a defaulter in his office, his sureties might say they would not be liable, for they can only be held responsible for a faithful performance of the duties which the law enjoins upon the officer ; and the officer having disposed of the money as the law did *not* require, they are discharged.   If this was the rule sureties upon official bonds would never be held responsible.   If the money was paid as the law enjoins they would not be liable, and if paid as the law did *not* enjoin they would also be discharged.

This doctrine cannot be maintained on principle or authority. The sureties undertook and promised that the officer "should faithfully perform the duties of his office."   If he fails to do the act required by law by refusing to take any action, or doing an

act the law does not require, and forbids, there is a breach of the undertaking of the sureties, and a liability on the bond. What is the faithful performance of official duty? It is to do acts and make orders according to law. If the officer departs from the direction of the law and does an unlawful act, there is an unfaithful performance of official duty, and a violation of the promise of the sureties that the official duty shall be faithfully performed. The omission to do an act required by law does not affect the liability arising from the omission to do the act enjoined by law.

It is insisted that the receipt of the money by the probate judge was a violation of law; that the order directing its payment to himself was a nullity, and that the sureties are not liable. The payment was a violation of law and the order was a nullity, but he failed to make the proper order and failed to perform faithfully the duties of his office, and fixed the liability of his sureties. When the administrator rendered his final account the statute required the probate judge to order the money to be invested. Cod. Sts. 360, § 246.

But the probate judge, in gross violation of his duties, orders the money paid to himself and refused to pay it over upon demand, upon the specious plea that he received the money as the attorney of the heirs.

The statute prohibits the probate judge from receiving money in this manner by requiring him to order the administrator to invest it. The probate judge cannot act as attorney for parties in his court. As well might he undertake to render judgments in favor of himself.

It would be a convenient contrivance if a probate judge could as judge order money paid to himself, and the moment he received it become an attorney and thereby escape all liability upon his bond. These sureties, in effect, promised when this administrator rendered his final account, showing money in his hands for distribution to the heirs, that the probate judge would order such administrator to invest the same, as the statute requires. The liability of the sureties is the same as if this promise had been written in the bond. And it is a breach of the condition of the bond for the judge to fail to make such order and order the money to be paid to himself.

The judgment below is affirmed.

*Judgment affirmed.*