GRIEB v. NORTHRUP et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. EXEMPTIONS—CLAIM OF DEBTOR—WAIVER.
    Where a constable sells under execution all the personal property of a debtor, that the latter does not claim his exemption is no waiver thereof.

2. SAME—JUDGMENT IN PART FOR EXEMPT PROPERTY.
    Where a constable unlawfully sells exempt personalty under execution, that the judgment was in part for exempt personalty was no justification, the statute rendering certain property otherwise exempt subject to execution, where the judgment was wholly recovered for the price of exempt property.

3. SAME—BOND OF CONSTABLE.
    A constable's bond covers an unlawful sale of exempt personalty under execution.

4. SAME—SUIT AGAINST SURETIES.
    When a constable wrongfully sells exempt property under execution, the sureties on his bond may be sued without first suing him.

Appeal from judgment on report of referee, St. Lawrence county.

Action by Edward Grieb against Joseph Northrup and another. From a judgment for defendants, plaintiff appeals. Reversed.

This action was brought against the defendants as sureties upon the official bond of a constable for damages by reason of a levy upon exempt property

under execution against the plaintiff. The referee has found that in or about November, 1898, the plaintiff was a householder and the owner of certain personal property, which included a stove of the value of $11, a sewing machine of the value of $7.75, and linen and wearing apparel of the value of $29.90, besides other personal property. At about that time one Beebe, a constable, whose sureties the defendants were, upon an execution against the plaintiff levied upon and sold this personal property. The referee has further found that the personal property, all told, was worth less than $50; that it was all the household furniture which the plaintiff owned; that this property was exempt. He has found that the plaintiff did not forbid the sale, and as a conclusion of law he finds that the exemption was waived by the plaintiff, and dismisses the plaintiff's complaint. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, KELLOGG, ED-WARDS, and CHASE, JJ.

Richard E. Fitzgerald, for appellant.
Anson Harder, for respondents.

SMITH, J.   In Frost v. Mott, 34 N. Y. 253, it is held:

"An officer who seizes all the property of a debtor, knowing that part of it is exempt, cannot justify the seizure by the omission of the debtor to designate a particular portion of it as not subject to execution or attachment."

In this case an officer had levied upon an entire flock of sheep. At page 257, Judge Porter, writing for the court, says:

"As between the plaintiff and the defendant there was no waiver of the exemption, and the appellant, who took the entire flock, cannot justify the wrong by the claim that he did not know which of them to leave. He neither requested the plaintiff to designate them nor made any designation himself. The mere silence of the party while the officer is stripping him of property exempt from seizure under color of legal authority furnishes no protection to the wrongdoer."

The stove and sewing machine, if not the wearing apparel, were clearly exempt, within the presumed knowledge of the officer, and, within the authorities, the silence of the plaintiff constituted no waiver of the exemption, as there was no selection to be made by him. In 12 Am. & Eng. Enc. Law (2d Ed.) p. 225, the rule is stated that no claim of exemption is necessary where the statute exempts a certain number of animals or articles of a particular kind, or property of a particular kind, not exceeding a certain value or amount, and the debtor has only so much as is thus exempted. To this rule is cited Stirman v. Smith (Ky.) 10 S. W. 131; Lynd v. Pickett, 7 Minn. 184 (Gil. 128), 82 Am. Dec. 79; State v. Haggard, 1 Humph. 390.

The respondents cannot justify this judgment on the ground that the execution under which the levy was made was upon a judgment against the plaintiff in part for personal property exempted. The statute renders certain property, otherwise exempt, subject to an execution upon a judgment wholly recovered for the purchase price of certain other exempt property, but, under that statute, the stove and sewing machine would in no case be subject to levy.

Defendants contend, further, that the bond does not cover the acts of the constable which were illegal. To uphold this contention would be to nullify the effect of the bond, as every trespass is illegal, and

for a trespass only could damages be recovered. It is further contended that the constable should first be sued. In Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 670, the contrary rule is held. Inasmuch, therefore, as the plaintiff was, upon the findings of the referee, entitled to a substantial judgment, the judgment entered must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed on the law and facts, and new trial granted, with costs to appellant to abide event. All concur.