RAMSEY, RESPONDENT, *v.* BURNS ET AL., APPELLANTS.

(No. 1,429.)

(Submitted March 10, 1902. Decided July 28, 1902.)

*Appeal—Record—Justice of the Peace—Liability for Acts of Special Officer—Levying Attachment—Possession of Premises—Instructions.*

1.  Sufficiency of the evidence cannot be considered on appeal, the record not showing that it contains all the evidence.
2.  An officer attaching goods in a building may, without liability to the debtor, enter, and have possession of the premises a reasonable time for packing and removing the goods.
3.  An instruction in action for levying on personalty in a cafe and lodging house, and taking possession of the premises, that if plaintiff sustained any damages, and defendants were liable therefor, she would not be limited to the damages she sustained for the time the business was closed, but would be entitled to all damages from their unlawful acts, is objectionable as allowing the jury to include remote and fanciful damages.
4.  An official act of a special officer, for which a justice of the peace will be liable, is what is done under color of or by virtue of his office, but in excess of his authority, as where, having a writ of attachment, he destroys the property instead of seizing and holding it, or imprisons the debtor while seizing and holding the goods, and pretends to do these things under warrant or color of his office.
5.  A requested instruction, though technically stating the law, being expressed in language which will probably be misunderstood by the jury, and requiring more than verbal change to make it clear, may be refused.
6.  An instruction to the effect that, in determining questions of fact, the jury should be governed solely by the evidence introduced, and that they have no right to indulge in conjectures or speculations not supported by the evidence, should be given when requested.

*Appeal from District Court, Silver Bow County; John Lind-say, Judge.*

ACTION by Cora E. Ramsey against P. H. Burns, justice of the peace, and others. Judgment for plaintiff. Defendants appeal. Reversed.

*Mr. John N. Kirk,* for Appellants.

*Mr. M. J. Cavanaugh,* and *Mr. A. J. Campbell,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from an order denying defendants' motion for a new trial. The appeal from the judgment was dismissed heretofore.

An attachment having been issued out of the court of one P. H. Burns, a justice of the peace for Silver Bow county, the justice appointed one Rodgers as a special officer to serve the summons and the writ of attachment in the suit of the Beaver-head Meat Company, a corporation, plaintiff, against Cora E. Ramsey, defendant. Said Rogers, as such special officer, levied upon the personal property belonging to the defendant, Ramsey, being the furnishings and supplies of a certain Elwood cafe and lodging house conducted by her. It appears that said officer entered the premises referred to, closed the doors, and remained in possession of the personal property and the premises from the 31st day of July up to and including the 5th day of August, 1897; he having appointed two custodians, S. O. McCall and George H. Chapman, to remain in the possession of the property and premises during the said period of time. On the 5th day of August, 1897, the officer released the said personal property, and left the premises, having discovered that all of the personalty had been *bona fide* mortgaged to another party. The plaintiff sued the justice, the special officer, and the sureties of the justice for damages alleged to have resulted from the destruc-

tion of parts of the personalty, for false imprisonment of the plaintiff in that she was detained in the house, and for interruption of her business as proprietor of said cafe and keeper of the lodging house. The trial resulted in a verdict in favor of the plaintiff in the sum of $500.

The alleged insufficiency of the evidence cannot be inquired into, for the reason that there is not anything in the record to show that all the evidence adduced at the trial is before us. Such of the evidence as is in the record may be considered with exceptions saved thereto, and in connection with the instructions complained of, but for no other purpose.

It is not necessary to discuss the specification relating to the ruling of the court upon the objection to the question propounded to the plaintiff as to the amount of damages, for the reason that, if the case be tried again, probably the obscurity and involved character of the question will not appear again.

The appellants specify as erroneous a number of instructions which were given. Instruction No. 3, complained of, tells the jury, pointedly, that an officer with a writ of attachment has not any right or authority to take and hold possession of any building in which the personal property to be seized is, and that he and his bondsmen are liable in damages "if he takes possession of such room or premises." This is error. An officer has the right to enter a business place against the will of the occupant, permission having been asked and refused, and to seize the property therein belonging to the occupant and subject to levy. It is impossible to make such levy in many cases, as where a whole stock of goods is seized, without taking possession of the place where the goods are. The officer must not linger longer than reasonably necessary to carefully pack up and prepare the goods for removal (Waples, Attachm. Sec. 298); to do this packing may take an hour or it may require a week. The instruction is not cured of its vice by another part thereof which says that, if the jury believe from the evidence that defendant Rodgers took possession of the building, or any part thereof, and held the same for storage of the property, they then should find for the plaintiff, etc. The officer has a right to enter and

have possession of the place, as above stated, for a reasonable time, and he may have there the goods in storage for such reasonable time as he may require to pack them and to procure the necessary transportation for their removal. He may also store them in the place for an indefinite time with the consent or acquiescence of the occupant of the place. The instruction as drawn did not state the law. It told the jury that the officer could not have possession of or use the place at all without being liable in damages to the debtor plaintiff.

So far as instruction No. 4 is criticised, it does not appear to have been prejudicial to the appellants. The question raised, in connection with this instruction, as to responsibility of the appellants, or any of them, for acts of the custodians, will be discussed *infra*. The instruction is not a model, but we refrain from discussing points not raised.

Instruction No. 5, given and complained of, is not discussed in the brief, and we do not pass upon it.

Instruction No. 16 is as follows: "You are further instructed that if you find that the plaintiff sustained any damages in this action, and that the defendants are liable therefor, she would not be limited to the damages which she sustained for the time that the business was actually closed, but is entitled to a verdict for all damages by reason of the unlawful act of the defendant, which arose from the acts complained of." Appellants complain of this instruction, saying that it was given upon an erroneous idea "that the plaintiff was entitled to simply abandon her business—not endeavor to continue it after the attachment was released, or to endeavor to settle the attachment suit; and that all damages following as the result, incidental or otherwise, of the closing of the business, should be allowed to the plaintiff." We think that a jury might easily be led into error by this instruction. We do not find any other instruction which, in connection with this one, states the law. It is not safe to say to a jury that an injured party is entitled to "all damages" which arise from unlawful acts, leaving each juror to determine what are damages, and in his discretion to award "all damages," whether they be remote or proximate, fanciful or reasonable, as

he may determine, without any limitation by the court in its charge to the jury.

The appellants, in two prayers for instructions, Nos. 1 and 2, asked the court to instruct as follows: "(1) You are further instructed that the defendant Alexander Rodgers cannot be held liable for any independent wrongful acts, if any such there were, of S. O. McCall or George H. Chapman, not authorized by said Rodgers, or within the scope of the authority conferred upon them in their capacity of custodians of the property of said Cora E. Ramsey. (2) You are instructed that the writ of attachment issued by Justice Burns in the case of the Beaverhead Meat Company against Cora E. Ramsey was directed only against the property of Cora E. Ramsey, and if you should find that, in the service of such process, Alexander Rodgers or any person under his authority committed any wrongful acts against the person of said Cora E. Ramsey not authorized or sanctioned by the said Justice Burns, or within the scope of the authority conferred upon him by such justice, then such justice and his official bondsmen are not liable for such acts." The responsibility of a constable, sheriff, or justice of the peace who appoints a special constable, for the acts of the deputy, or of the special constable, is, we think, well stated in *Dysart* v. *Lurty,* 3 Okl. 601, 41 Pac. 724. The court in this case said: "The general rule seems to be that if the deputy is acting under a writ or process, and, while attempting to execute the process, he exceeds his authority and commits a wrong, or fails to perform the duty imposed upon him, his principal and the principal's sureties will be liable for any damages arising from such acts or omissions, or, if he is acting without process and under the orders or instructions or with the assent of his superior, then the principal and sureties are liable. On the other hand, if the deputy assumes to act without process, or without the knowledge or assent of his principal, and performs unauthorized acts, or commits a wrong, whether negligently, wantonly, or maliciously, he will be liable for a personal trespass, but his principal and the bondsmen of the principal are not liable." (9 Am. & Eng. Enc. Law, 2d Edition (note), 392; *State* v. *Moore,* 19 Mo.

369, 61 Am. Dec. 563.) Instructions Nos. 1 and 2 are not the law, and the court properly refused to give them. It may be assumed that the responsibility of a justice of the peace for the acts of the special officer (Section 1688, Code of Civil Procedure), and that of a sheriff for the doings of his deputy, are alike. The statute above cited makes the justice responsible for the official acts of the special officer. What are official acts? An act, although unauthorized, may be an official act. If the act of the deputy from which an injury results is an official act, the chief is answerable. If not official, but personal, then the latter is not liable. But by an official act we do not mean what the deputy may lawfully do in the execution of his office. If so, no action would ever lie against a sheriff for the misconduct of his deputy. An official act is what is done under color or by virtue of his office. (*Knowlton* v. *Bartlett,* 1 Pick. 273; 9 Am. & Eng. Enc. Law, 2d Edition, p. 393, and cases cited.) The ordinary citizen, unlearned in the law, and not knowing his rights, may resist one's servants in doing certain things which, if done by an officer of the law, having a writ of attachment or execution, and wearing the badge of his office, he would fear to oppose. If the officer destroy property instead of seizing and holding it as security for a debt sued for, or imprison the debtor while seizing and holding the goods, and pretend to do these things under warrant or color of his office, such acts, under the law as we have stated it, would be in excess of his authority, and wrongs done under color of his office, and the principal and his sureties would be liable for any natural and proximate damages resulting therefrom to the injured person.

The refused instruction No. 3, possibly, technically states the law as we have outlined it above, but is not expressed in such language as to be understood by jurors, who would probably misunderstand what the words "official duties" and "independent wrongs" mean, and the court did not err in refusing to give the same. It required more than mere verbal change to make it clearly state the law.

The appellants properly, we think, complain of the refusal of the court to give the following instruction, numbered 4: "In

determining any of the questions of fact presented in this case, the jury should be governed solely by the evidence introduced before them. The jury have no right to indulge in conjectures or speculations not supported by the evidence." District judges and all practicing attorneys know that jurors are prone to, and very often do, talk about and weigh, in the jury room, matters affecting the case and the parties thereto which do not appear in evidence. This instruction is correct, and should be given in some form when asked for.

Instruction No. 5 (refused) was asked for by appellants. As it states some propositions, which are not the law, which we have already commented upon, and which even are complained of by appellants as having been given in the charge to the jury, to the prejudice of appellants, at request of respondent, we see no reason why the appellants assign as error the refusal of the court to give it.

The fact that the goods seized belonged to the debtor, and that not she, but the mortgagee only, might complain of their seizure under an attachment admitted to have been valid, is not mentioned or suggested by appellants.

Because of the errors referred to, the order of the district court overruling the defendants' motion for a new trial is reversed.

*Reversed and remanded.*