GEHLERT, RESPONDENT, *v.* QUINN, APPELLANT.

(No. 2,555.)

(Submitted November 24, 1908. Decided December 12, 1908.)

[98 Pac. 369.]

*Conversion—District Judges—Bias and Prejudice—Disqualifying Affidavits—Sheriffs—Void Process—Effect—Briefs—Specifications of Error.*

District Judges—Disqualifying Affidavits—Liberal Construction of Statute.
  1.  Section 6315, Revised Codes, providing for the disqualification of a district judge by the filing of an affidavit that the party making it has reason to believe, and does believe, that he cannot have a fair and impartial trial before such judge because of the latter's bias or prejudice, should be liberally construed with a view to effect its object and promote justice.

Conversion—District Judges—Who may File Affidavits of Disqualification.
  2.  *Held,* in an action in conversion against a sheriff, that the plaintiff at whose instance and request the sheriff under a writ of attachment levied upon the property in controversy and who had indemnified the officer, was the real party in interest in the action in conversion and could file an affidavit disqualifying the trial judge, although he had not intervened and was not a party to the record.

Appeal—Briefs—Specifications of Error.
  3.  Where an error relied upon for reversal was clearly set forth in appellant's brief in a paragraph by itself, it was sufficient, even though it was not set out in appellant's specifications of error.

Sheriffs—Attachment—Infirmity in Process—Effect.
    4.   Where a sheriff in levying upon property purported to act by virtue
    of a writ of attachment, infirmity in his process did not have the effect
    of changing his official status, i. e., he acted officially, notwithstanding
    such infirmity, and not individually.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by H. M. Gehlert against John J. Quinn. Judgment for plaintiff, and defendant appeals from it and an order denying him a new trial. Reversed and remanded.

*Mr. John F. Davies,* and *Messrs. McBride & McBride,* for Appellant.

*Mr. Jas. E. Baldwin,* and *Mr. J. R. Grice,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The opinion of the court on a former appeal of this case is found in 35 Mont. 451, 119 Am. St. Rep. 864, 90 Pac. 168. The cause has been retried in the district court of Silver Bow county. Plaintiff had a verdict and judgment, and defendant appeals from that judgment, and also from an order denying a new trial.

On the twenty-eighth day of October, 1907, the day preceding the date set for the second trial, John M. Barber filed an affidavit in the cause, wherein he alleged as follows: "That he is the real party in interest as defendant in the above-entitled action; that the said John J. Quinn acted in the capacity of sheriff at the instigation and request of this affiant, and that this affiant is responsible to the said defendant for any judgment which may be rendered against him. That by reason of the premises he is the agent of the said defendant, attending to the defense and preparing for the defense of the above-entitled action. That the above-entitled action is now pending in the above-entitled court. That affiant has reason to believe, and does believe, that he cannot have a fair and impartial trial or hearing in the above-entitled court before the Honorable George M. Bourquin, judge presiding, * * * by reason of the bias and prejudice of the said judge, before whom said action is pending." The record recites

that the court made an order "ignoring the said affidavit," and directing that the trial proceed.    To this action an exception was saved.

Section 6315, Revised Codes, provides that a judge must not sit or act in any action or proceeding when any party makes and files, at any time before the day fixed for the hearing or trial, an affidavit to the effect that he has reason to believe, and does believe, that he cannot have a fair and impartial hearing or trial before said judge by reason of the bias or prejudice of the judge. This Code provision establishes the law of the state respecting the subject of disqualification of a district judge, and should be liberally construed, with a view to effect its object and promote justice.    (Revised Codes, secs. 4, 6214, 8061.)

The complaint alleges that the defendant. Quinn was acting in the capacity of sheriff.    The answer sets forth that he seized the property in controversy by virtue of a writ of attachment, in the case of *J. M. Barber* v. *J. A. Fay.*    The reply avers that the writ of attachment was void, for the reason that it was issued before the summons in the case was issued—"the writ of attachment having been issued November 2d, and the only summons in the action having been issued on the following day, to-wit, November 3d."    The complaint further alleges that on November 4th the plaintiff Gehlert made a third-party claim upon the sheriff for the property seized under the writ of attachment against Fay, and the sheriff refused to deliver the property over to him.    Section 6673, Revised Codes, provides that when a third person claims the attached property, the sheriff shall deliver the same to him, unless the plaintiff, within ten days after receiving notice thereof, give the sheriff a good and sufficient bond to indemnify him against loss or damage by reason of retaining the property.

It is argued by the respondent that Barber should have intervened, in order to become a "party" within the meaning of section 6315, Revised Codes, but we cannot agree with this contention.    The sheriff had no real interest in the property attached. The statute requires that the plaintiff file with the clerk, before

the writ is issued, an undertaking conditioned to indemnify the defendant in case the plaintiff fails to recover a judgment or the court should finally decide that he was not entitled to an attachment. (Revised Codes, sec. 6659.) And in case the sheriff, at the direction of the plaintiff, seizes property which is afterward claimed by a third person, he may demand an undertaking of indemnity as a condition of retaining possession. (Sec. 6673, *supra.*) It can make no difference to him what the relative rights of the parties are. The practice is, in the event the sheriff is sued in conversion for property attached and retained by him, to deliver the papers served on him to the plaintiff in the original case, or his attorney, and pay no further attention to the matter. Having furnished an obligation to hold the sheriff harmless from any judgment that may be recovered against him, self-protection impels the attaching creditor to interpose a defense to the action, if he has any, in which event it is usual for the sheriff perfunctorily to verify the answer.

Section 7191, Revised Codes, provides that, if an action be brought against a sheriff for an act done by virtue of his office, and he give written notice thereof to the sureties on any bond of indemnity received by him, the judgment recovered thereon shall be conclusive evidence of his right to recover against such sureties, and the court may, on motion upon notice of five days, order judgment to be entered up against them for the amount so recovered, including costs.

There was no way in which the alleged disqualification of the judge could affect Quinn personally. He was not interested in the result of the suit, but Barber was. Therefore, we have no hesitancy in holding that, as Barber was the person whose interests were being litigated, he was entitled to file the disqualifying affidavit. Undoubtedly, the learned district judge applied a strict construction to section 6315, Revised Codes, *supra;* but we think that section falls within the provisions of sections 4, 6214 and 8061, Revised Codes, *supra,* and that the construction we place upon it will best effect the object sought to be attained by its enactment.

Respondent contends that the action of the court in ignoring the affidavit is not specified in appellant's brief as an error relied upon, and cannot be reviewed; but we find the matter clearly set forth in the brief in a paragraph by itself, and regard this as a sufficient statement that it is relied upon.

Defendant objected to the introduction of any evidence by plaintiff, for the reason that the allegations of the reply, to the effect that the writ held by the sheriff was void, were a departure from, and inconsistent with, the allegation of the complaint that the defendant was acting as sheriff, and that the complaint, as modified by the reply, did not state facts sufficient to constitute a cause of action against Quinn individually. Also, at the conclusion of plaintiff's affirmative case, the defendant moved for a nonsuit on the ground, among others, that the testimony showed that the seizure was made by a deputy sheriff, and under the allegations of the reply it was incumbent upon the plaintiff to show that, if the writ was void, the sheriff made the seizure personally. The ground of these contentions is that, although Quinn assumed to act as sheriff, if his process was defective or void, he acted individually, and not officially. But we are of opinion that his status was not changed by the infirmity in his process, although it may thereby have been rendered void. He purported to act by virtue of it, and was none the less acting officially. (*City of Philipsburg* v. *Degenhart,* 30 Mont. 299, 76 Pac. 694.)

We have read the testimony offered by the plaintiff, and conclude that he made out a case sufficient to warrant the court in submitting the issue to the jury.

Other errors are assigned by the appellant, but we think the foregoing discussion disposes of all those questions that will probably arise on a retrial.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.