[Civ. No. 1198. Second Appellate District.—February 14, 1913.]

STEVENSON BROTHERS COMPANY (a Corporation), Respondent, v. J. J. ROBERTSON et al., Appellants.

LANDLORD AND TENANT—SUBLETTING—PRESUMPTION AS TO CONSENT OF LESSOR.—Subletting by a tenant is presumed to be with the consent of the landlord, nothing to the contrary appearing.

ID.—SURRENDER OF PREMISES—HOW MAY BE DONE.—A surrender of leased premises before the expiration of the term can be done only by express consent of the parties in writing, or by operation of law when they do something that implies that both have consented.

ID.—EXERCISE OF RIGHT OF ENTRY—NECESSITY OF NOTICE.—Where a lease has not terminated by lapse of time, the right of entry reserved on account of failure to perform covenants can be exercised only after notice.

ID.—ATTACHMENT AGAINST TENANT—LIABILITY OF OFFICER FOR RETENTION OF PREMISES.—An officer who attaches the property of a tenant does not, by retaining the premises for an unreasonable time, become liable to the landlord for rent, in the absence of evidence of a surrender or abandonment by the tenant or a termination of the lease.

ID.—EVIDENCE OF SURRENDER OR TERMINATION OF LEASE.—Such surrender or termination is not established by evidence that the tenant left the neighborhood a short time before the attachment and did not return, but the lessor gave him no notice to quit until about the time the officer vacated the premises.

ID.—DUTY OF ATTACHING OFFICER TO REMOVE GOODS.—It is the duty of an officer who attaches the property of a tenant to remove it from the leased premises within a reasonable time, but the fact that he fails to do so and thereby invades the rights of the tenant by an unreasonable or unnecessary detention of the premises does not render him liable to the landlord for the rent.

ID.—AGREEMENT BETWEEN LANDLORD AND OFFICER FOR RENT.—Where an attachment is levied on the property of a tenant, the landlord has no

right or authority to make an agreement with the officer in possession of the leased premises to pay rent, if the lease is still in existence.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

McPherrin & Nichols, for Appellants.

Shaw, Ross & Dyke, for Respondent.

ALLEN, P. J.—The action was one by plaintiff corporation against defendant Robertson as constable, and his codefendants as sureties upon his official bond, to recover the rent of certain premises from the twenty-second day of July, 1910, to and including the twenty-second day of December, 1910, at the rate of seventy-five dollars per month. Judgment went for plaintiff, from which, and an order denying a new trial, defendants appeal.

There is evidence in the record tending to show these facts: Plaintiff corporation, on May 28, 1909, leased to D. M. Bowman a certain store-room in the city of Imperial for the term of five years next ensuing after June 1, 1909, the rental stipulated being seventy-five dollars a month for twenty-one months after September 1, 1909, and ninety dollars a month for the three years next ensuing. The premises were let for a bakery and delicatessen store, with the right to maintain a soda fountain. The usual stipulations are found in the lease giving the right of re-entry for default in the payment of rent, and a covenant not to sublet without the written consent of the first party. Bowman took possession of the leased premises, and was conducting a restaurant therein on the twenty-second day of July, 1910, at which time a writ of attachment was issued in an action instituted by one Long against Bowman, and defendant Robertson, as constable, levied the same upon all of the property contained in said store-room, other than the soda fountain. Prior to the twenty-second day of July, Bowman by an instrument in

writing sublet a portion of the premises to one Morgan, who operated the soda fountain and who owned the glasses and fixtures connected therewith. Morgan occupied this portion of the premises for sixty days after levy of the attachment, during which time the constable appointed him as keeper to look after the attached property. After the attachment was levied Long purchased from the Soda Fountain Company the fountain and Long agreed with Morgan that he might use the fountain, paying to Long rent for the part of the premises occupied. Morgan never paid Long anything for the use of the fountain. Defendant Robertson continued to occupy the remainder of the store-room as a place to keep the attached property. About two weeks after the levy of the attachment the secretary of the corporation, in a conversation with Robertson, asked him if he would look after the rent and he said he would take care of that, but in the conversation the secretary did not tell Robertson that he had any connection with the property, or that the corporation was in possession of it. Robertson did not say he would be responsible for the rent. The president of the corporation, several weeks afterward, talked with defendant Robertson about the rent, the substance of which was that Robertson was to hold the money he derived from the sale of the attached property until the rent was paid. It is further disclosed that plaintiff's attorneys had erroneously advised defendant Robertson that he was allowed three dollars a day for caring for the property, which might be utilized in the payment of rent. It is not a fact that any such allowance was due the constable, the only compensation for keeper's fees being such as the court may allow, and as to constables in no event exceeding two dollars per day. (Sec. 4300d, Laws 1907, p. 551.) There is no evidence tending to show any surrender of the premises by Bowman or any agreement as to a surrender, and no notice to quit other than one posted upon the premises in December, 1910, about the time defendant Robertson moved out of the store-room. After this notice to quit had been posted for a period of three days or more, plaintiff re-leased the premises to one Strong, who took possession, at which time Robertson moved out the attached property. The evidence further tends to show that Bowman left Imperial a couple of weeks before the attachment suit

was brought and had not returned at the time of the trial. Further, that while the premises were being occupied by Robertson as a place of deposit for the attached property, Long, the attaching creditor, permitted certain societies to hold meetings or bazaars in the room, each of them occupying the premises for one evening, and on account of which they paid Robertson five dollars rent for each evening the room was so occupied. This rental money Robertson accounted for to the attaching creditor in connection with the sale of the attached property. It does not appear for what amount the attached property was sold.

From this evidence the trial court found that Bowman had abandoned the property prior to July 22, 1910, and that defendant Robertson had hired of plaintiff the store-room for the period of its occupancy by him; that Bowman was not in possession of the premises upon the date of the levy of the attachment. And as conclusions of law the court found that plaintiff was entitled to recover three hundred and seventy-five dollars, the rental, together with its costs.

Insufficiency of the evidence to support the finding of the abandonment of the premises is urged by appellants, and we think properly so urged; for it affirmatively appears that Bowman was in possession, through his servants and agents, occupying and using the premises as a restaurant at the date of the attachment and thereafter, and that his subtenant occupied the same for sixty days after levy of the attachment. Nothing to the contrary appearing, it will be presumed that the subletting to Morgan was with the consent of plaintiff. There is nothing to show a surrender of the premises by Bowman. "This can be done only by express consent of the parties in writing, or by operation of law when the parties do something which implies that both have consented. . . . If he leaves the demised premises vacant, and avows his intention not to be bound by his lease, his title still continues, unless the landlord has accepted the offer of surrender. The landlord has no more right to the possession or to lease than a stranger." (*Welcome* v. *Hess*, 90 Cal. 512, 513, [25 Am. St. Rep. 145, 27 Pac. 370].) The lease not having been terminated by lapse of time, the right of entry reserved on account of failure to perform other covenants could only be exercised after notice. Plaintiff's notice was not given until

about the time defendant vacated the premises, and therefore it cannot be said that there was a termination of the lease by operation of law. (*Earl Orchard Co.* v. *Fava,* 138 Cal. 76, [70 Pac. 1073].) It may be assumed that Robertson's duty when levying the attachment was to remove, within a reasonable time, the goods from the store; that he had no right to exclude Bowman from the use of the storeroom. (Harlow on Sheriffs and Constables, sec. 262, and authorities cited.) The officer must not linger longer than reasonably necessary to carefully pack up and prepare the goods for removal. (Waples on Attachment, sec. 298.) To make this removal, however, he has a reasonable time. (*Ramsey* v. *Burns,* 27 Mont. 154, [69 Pac. 711].) It does not follow, however, that because Robertson invaded the rights of Bowman, the tenant, in an unnecessary retention of the premises, he thereby became liable to plaintiff, the owner of the premises. The lease not having been abandoned—and we find no testimony in support of such finding—and there being no surrender—and we find nothing in the record indicating a surrender—the estate for the term of the lease was vested in Bowman, and were the conversation between the officers of plaintiff corporation and Robertson even to be considered as an agreement to pay rent to the corporation, the plaintiff having leased the premises to another and the lease still being in existence, plaintiff had no right or authority to re-lease the same. We think the motion for a new trial should have been granted and that the court erred in denying such motion.

The judgment and order denying a new trial are, therefore, reversed and cause remanded.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1913.