ERICKSON, RESPONDENT, *v.* ANDERSON ET AL., DEFENDANTS; UNITED STATES FIDELITY & GUARANTY CO., APPELLANT.

(No. 6,006.)

(Submitted November 16, 1926.  Decided December 3, 1926.)

[252 Pac. 299.]

*False Imprisonment—Cities and Towns—Chief of Police—Sureties on Official Bond—Complaint—Sufficiency.*

False Imprisonment—Chief of Police—Sureties on Official Bond—Complaint—Sufficiency.

    1.  In an action against a chief of police and the surety on his official bond to recover damages for false imprisonment, complaint *held* sufficient as against the contention that it did not allege that the acts of the officer were committed in his official capacity, sufficient direct averments to that effect remaining after rejecting the recitations that the officer "acting in his official capacity" and "under color and by virtue of his office" as conclusions of the pleader to render the complaint unobjectionable in that regard.

Official Bonds—Nature of Undertakings.
2. An official bond is in effect a contract between the officer bonded and the government that the former will faithfully perform his official duties; by it the surety undertakes to be responsible for all torts committed by the officer as such and the liability of the surety is coextensive with that of the officer up to the amount of the undertaking.

Same—Acts for Which Surety Liable.
3. The surety on an official bond is liable for both acts of nonfeasance and misfeasance of the officer assuming to act officially, whether at the outset vested with authority to act in some manner, or acting entirely without authority but relying upon his official position to enable him to commit the act.

False Imprisonment—Chief of Police—Liability of Surety on Official Bond—Complaint—Sufficiency.
4. Complaint in an action against a chief of police and his surety for damages for false imprisonment, alleging that the officer arrested plaintiff minor, placed him in jail and thereafter, in violation of law, placed an adult prisoner in the cell with the minor (all of which acts could be committed only under color of his authority and within the terms of the bond), and that such acts were committed without lawful authority and without provocation, *etc.*, *held* sufficient as against the surety, failure to plead that plaintiff was in fact guilty of a breach of the peace in the presence of the officer and that thereupon the officer committed the acts complained of not rendering it faulty.

[1]  Municipal Corporations, 28 Cyc., p. 493, n. 22.
[2]  Municipal Corporations, 28 Cyc., p. 498, n. 32.
[3]  Municipal Corporations, 28 Cyc., p. 498, n. 32.
[4]  Municipal Corporations, 28 Cyc., p. 493, n. 22.

*Appeal from District Court, Roosevelt County; S. E. Paul, Judge.*

ACTION by John Bernard Erickson, a minor, by John Erickson, his guardian *ad litem*, against Ben Anderson, individually and as Chief of Police of the City of Wolf Point, and the United States Fidelity & Guaranty Company. Judgment for plaintiff and the Guaranty Company appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall* and *Mr. J. K. Bramble*, for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

Citing: *People* v. *Pacific Surety Co.*, 50 Colo. 273, Ann. Cas. 1912C, 577, 109 Pac. 961; *Hawkins* v. *Thomas*, 31 Ind. App.

2.  See 22 R. C. L. 496.
3.  See 22 R. C. L. 506.

399, 29 N. E. 157; *Chandler* v. *Rutherford,* 101 Fed. 774, 43
C. C. A. 218; *State* v. *Mankin,* 68 W. Va. 772, 70 S. E. 764;
*Jordan* v. *Neer,* 34 Okl. 400, 125 Pac. 1117; *Inman* v. *Sherill,*
29 Okl. 100, 116 Pac. 426; *Murray* v. *Low,* 8 Fed. (2d) 352.

Messrs. *Hurd, Rhoades & Hallett,* for Respondent, submitted
a brief; *Mr. E. J. McCabe,* of Counsel, argued the cause orally.

Citing: *Hall* v. *Tierney,* 89 Minn. 407, 95 N. W. 219; *Seitner*
v. *Ransom,* 82 Minn. 404, 85 N. W. 158; *Clancy* v. *Kenworthy,*
74 Iowa, 740, 7 Am. St. Rep. 508, 35 N. W. 427; *Witte* v. *Wein-
stein,* 115 Iowa, 247, 88 N. W. 349; *Forest County* v. *Dawley,*
149 Wis. 323, 136 N. W. 335; *Skagit County* v. *American
Bonding Co. of Baltimore,* 59 Wash. 1, 109 Pac. 197; *State* v.
*Snow,* 65 Wash. 353, 37 L. R. A. (n. s.) 305, 118 Pac. 209;
*Greenberg* v. *People,* 225 Ill. 174, 116 Am. St. Rep. 127, 8
L. R. A. (n. s.) 1223, 80 N. E. 100; *Martin* v. *Smith,* 136 Ky.
804, 29 L. R. A. (n. s.) 463, 125 S. W. 249; *Growbarger* v.
*United States Fidelity & Guaranty Co.,* 126 Ky. 118, 102 S. W.
873; *Johnson* v. *Williams,* 111 Ky. 289, 98 Am. St. Rep. 416,
54 L. R. A. 220, 63 S. W. 759; *State ex rel. Meriwether* v.
*Walford,* 11 Ind. App. 392, 39 N. E. 162; *Gomez* v. *Scanlan,*
155 Cal. 528, 102 Pac. 12.

MR. JUSTICE MATTHEWS delivered the opinion of the
court.

On December 10, 1924, John Bernard Erickson, a minor,
through his guardian *ad litem,* commenced action against Ben
Anderson personally and as chief of police of Wolf Point and
the surety on his official bond, the United States Fidelity
& Guaranty Company, for damages alleged to have been suf-
fered by reason of the illegal arrest and false imprisonment of
said minor by Anderson. The defendants by demurrer, by
motion for nonsuit and motion for directed verdict, challenged
the sufficiency of the complaint, but in each instance the ruling
of the trial court was adverse to their contention. On the

issues joined and testimony adduced, the plaintiff was awarded a verdict, and on this verdict judgment was entered awarding plaintiff $1,000 actual damages against both defendants and $400 exemplary damages as against Anderson alone. A motion for a new trial was thereafter made and overruled by the trial court on condition that plaintiff accept a reduction of the judgment to one-half of the amounts above stated, to which condition plaintiff agreed. The surety company alone has appealed from the judgment and here urges the single contention that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that at all times mentioned therein Anderson was the duly appointed, qualified and acting chief of police of the city, and that the Fidelity Company was the surety on his official bond, a copy of which is made a part of the complaint, and the condition of which is that Anderson will well, truly and faithfully perform all official duties imposed upon him, as such officer, by law. The complaint then alleges that Anderson, "acting in his official capacity" and "under color and by virtue of his office as such chief of police," and stating that he was chief of police of Wolf Point and had authority to and would "arrest said minor for disturbing the peace," "did without authority of law and without just provocation, or any provocation," assault said minor, choke and otherwise abuse him, and arrest said minor and forcibly conduct him to the city jail and there imprison him for some considerable period of time "without any reason or probable cause," and that, while said minor was so incarcerated, Anderson, "acting as chief of police * * * and under and by virtue of his office," arrested an adult and placed him in the cell with said minor. The complaint contains allegations as to suffering, *etc.*

1. The first assertion is that the complaint does not allege [1] that the acts complained of were committed by Anderson in his official capacity, in that the recitations, "acting in his

official capacity" and "under color and by virtue of his said office," are but conclusions of the pleader. Conceding that the phrases quoted are but conclusions of the pleader, the direct allegations of facts found in the complaint are sufficient to charge that the acts complained of were committed by Anderson in his official capacity. (*Gomez* v. *Scanlan*, 155 Cal. 528, 102 Pac. 12; *Kendall* v. *Aleshire*, 28 Neb. 707, 45 N. W. 167.)

2. The chief contention of counsel for the Fidelity Company is that by pleading that Anderson acted "without authority of law or just provocation" and acted "without any reason and without probable cause," and by failing to plead that the minor was in fact guilty of a breach of the peace in the presence of the officer, the pleader has rendered his complaint insufficient to state a cause of action against the surety, as such surety is only liable for acts committed while an officer is performing a duty which, under the law, he may lawfully perform.

While it is hornbook law that sureties are persons favored **[2-4]** by the law, and sureties on official bonds are bound only to the extent and in the manner pointed out in their obligations (22 R. C. L. 519, and cases cited), an official bond is in effect a contract entered into between the officer bonded and the government that such officer will faithfully perform his official duties. (22 R. C. L. 496; *People* v. *Vilas*, 36 N. Y. 459, 93 Am. Dec. 520; *State* v. *Gramm*, 7 Wyo. 329, 40 L. R. A. 690, 52 Pac. 533.) The undertaking of the surety is to make good the official default of the principal (*Wallace* v. *Holly*, 13 Ga. 389, 58 Am. Dec. 518), and where such bond does not enumerate the duties of the officer, but recites that it covers "all official duties," it is as binding upon the principal and sureties as though all duties imposed by law upon the principal were enumerated (*State* v. *Nevin*, 19 Nev. 162, 3 Am. St. Rep. 873, 7 Pac. 650); it is merely collateral security for the faithful performance, by the officer, of his duties as such officer (*Walton*

v. *United States,* 9 Wheat. (U. S.) 651, 6 L. Ed. 182 [see, also, Rose's U. S. Notes] ; *People* v. *Putnam,* 52 Colo. 517, Ann. Cas. 1913E, 1264, 122 Pac. 796). In reality the sureties undertake to be responsible for all torts committed by the principal in his official capacity, and the contract can be given full effect only by making the liability of the surety coextensive with that of the principal up to the amount of the undertaking. (*Gomez* v. *Scanlan,* above; *Grieb* v. *Northrup,* 66 App. Div. 86, 72 N. Y. Supp. 481; *Warren* v. *Boyd,* 120 N. C. 56, 26 S. E. 700; *Stephenson* v. *Sinclair,* 14 Tex. Civ. App. 133, 36 S. W. 137.)

There seems to be little conflict in the authorities as to the foregoing principles, but the courts differ as to the application thereof where a distinction is drawn between acts committed by virtue of office and under color of office, and where this distinction is observed the sureties are held liable for the former but not for the latter. (25 Am. & Eng. Ency. of Law, 724, and cases there cited.) Where this distinction is made, the terms are defined as follows: "Acts done *virtute officii* are where they are within the authority of the officer, but in doing it he exercises that authority improperly, or abuses the confidence which the law reposes in him; whilst acts done *colore officii,* are where they are of such a nature, that his office gives him no authority to do them." (*People* v. *Schuyler,* 4 N. Y. 173; *Feller* v. *Gates,* 40 Or. 543, 91 Am. St. Rep. 492, 56 L. R. A. 630, 67 Pac. 416.)

The trend of modern judicial decision, even in states formerly adhering to the distinction, is entirely to disregard it and hold that: "The object of an official bond is to obtain indemnity against the misuse of an official position for wrong purposes; and that which is done under color of office, and which would obtain no credit except for its appearing to be a regular official act, is within the protection of the bond, and must be made good by those who signed it." (Murfree on Official Bonds,

sec. 211.) In other words, the later decisions hold that the surety on an official bond is liable for both acts of nonfeasance and misfeasance of an officer assuming to act officially, whether at the outset vested with authority to act in some manner or acting entirely without authority, but relying upon his official position to enable him to commit the act. (25 Am. & Eng. Ency. of Law, 724; *Hall* v. *Tierney,* 89 Minn. 407, 95 N. W. 219; *Seitner* v. *Ransom,* 82 Minn. 404, 85 N. W. 158; *Martin* v. *Smith,* 136 Ky. 804, 29 L. R. A. (n. s.) 463, 125 S. W. 249; *Brown* v. *Weaver,* 76 Miss. 7, 71 Am. St. Rep. 512, 42 L. R. A. 423, 23 South. 388; *Warren* v. *Boyd, supra; Mitchell* v. *Malone,* 77 Ga. 301; *Van Pelt* v. *Littler,* 14 Cal. 194; *Forest County* v. *United Surety Co. of Baltimore,* 149 Wis. 323, 136 N. W. 335; *Skagit County* v. *American Bonding Co.,* 59 Wash. 1, 109 Pac. 197; *State ex rel. Meriwether* v. *Walford,* 11 Ind. App. 392, 39 N. E. 162; *State* v. *Jennings,* 4 Ohio St. 418; *Turner* v. *Sisson,* 137 Mass. 191; *Lammon* v. *Feusier,* 111 U. S. 17, 28 L. Ed. 337, 4 Sup. Ct. Rep. 286.)

It would seem from a reading of the decisions that this court has always inclined toward this later doctrine. (*Smith* v. *Lovell,* 2 Mont. 332; *Ramsey* v. *Burns,* 27 Mont. 154, 69 Pac. 711; *City of Philipsburg* v. *Degenhart,* 30 Mont. 299, 76 Pac. 694; *Gehlert* v. *Quinn,* 38 Mont. 1, 98 Pac. 369; *Silver Bow County* v. *Davies,* 40 Mont. 418, 107 Pac. 81.)

Had the officer merely assaulted the minor plaintiff, the fact that he was such officer at the time he committed the assault would not render the surety liable, for it would have been but the act of the individual (22 R. C. L. 506); but as it is alleged in the complaint that the officer made an arrest, placed the minor in the city jail, and thereafter, in violation of law, placed an adult prisoner in the cell with the minor, all of which acts could be committed only under color of his authority as such officer and within the term of his bond, and that such acts were committed without lawful authority and without provocation, with the attendant damages, the complaint stated a cause

of action against the surety for which it was liable in actual damages.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES GALEN and STARK and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.