## THOMAS C. PROSSER v. WALTER H. COOTS.

*Damages for false return by sheriff.*

A declaration claiming damages from the sheriff for the false return of a writ is sufficient after judgment to support a recovery, though the return had been made by deputy.

A sheriff is answerable for the fault of his deputy in making an improper return of a writ.

Where a litigant is prejudiced by the false return of the sheriff, but discovers the error in time to escape such damages as would arise from proceeding farther, the sheriff cannot be held for the consequences of his going on, unless he assents thereto; and the litigant will be considered as acting in his own wrong.

Error to Wayne. (Speed, J.)  April 4.—April 11.

CASE.  Plaintiff brings error.  Affirmed.

*Jas. H. Pound, Thos. C. Prosser* and *Geo. Gartner* for appellant.  A sheriff is liable not only for his own acts, default, misconduct, or delinquency in office, but for the acts of his deputies: *Clute v. Goodell* 2 McL. 193; *Lawrence v. Sherman* id. 488; *Harrington v. Fuller* 18 Me. 279; *Mason v. Ide* 30 Vt. 698; *Buck v. Ashley* 37 Vt. 477; Crocker on Sheriffs § 848; 8 Bac. Ab. (ed. 1845) 679; Comp. L. § 552; Cooley on Torts 393; Addison on Torts § 896; Cooley's Liability of Public Officers to Private

Actions for Neglect of Official Duty; *Jarmain v. Hooper* 6 M. & G. 847; *People v. Brush* 6 Wend. 454; *People v. Spraker* 18 Johns. 390; *Flinn v. St. John* 51 Vt. 334; *McKinney v. Craig* 4 Sneed (Tenn.) 577; *Milburn v. State* 11 Mo. 188; *Smith v. Tooke* 20 Texas 750; an action lies at common law against a sheriff or a constable for neglect of duty in executing and returning an execution: *White v. Wilcox* 1 Conn. 347; Bacon's Abridgment, Vol. 8 p. 722; or whenever the facts stated it his return are untrue, though by mistake: *Houser v. Hampton* 7 Ired. L. 333; *Barnard v. Ward* 9 Mass. 269; *Palmer v. Gallup* 16 Conn. 555; *Jenner v. Joliffe* 9 Johns. 381; the sheriff's recognition of his deputy's acts need not be shown to sustain an action against him: *M'Intyre v. Trumbull* 7 Johns. 35.

*Conely, Maybury & Lucking* for appellee.  A sheriff can defend against an action for false return by showing that plaintiff assented to the return after being informed of all the circumstances: Crocker on Sheriffs § 862; 2 Greenl. Ev. § 593; Shearm. & Redf. Negligence § 539; *Trigg v. McDonald* 2 Humph. 386; *Corning v. Southland* 3 Hill 552; *Bellows v. Allen* 23 Vt. 169; or that defendant might have been sued after the discovery of the error as well as before: *Weld v. Bartlett* 10 Mass. 470; *Clark v. Smith* 9 Conn. 379; *Glezen v. Rood* 2 Met. 490; *Burrell v. Lithgow* 2 Mass. 526; if plaintiff is put in no worse shape than before, he cannot recover more than he has actually suffered: Crocker on Sheriffs § 856.

GRAVES, C. J.    Error is alleged by both parties, but we think none of the objections have any force.   The plaintiff sued by attachment one Mrs. Meyers, a non-resident, and the defendant being sheriff, the writ was left at his office for service.   A deputy levied it on real estate, and then prematurely returned it.   As a consequence of this error, the judgment which was taken in this case was reversed in this Court.   40 Mich. 644.

The plaintiff thereupon brought this action to recover against the sheriff for the false return, and he was allowed

to take judgment for certain expenses in the attachment case, with interest on the amount. It did not appear to the jury that the plaintiff had any agency in causing the inopportune return of the writ. The error lay with the deputy, and the fault of the deputy was the fault of the sheriff, his principal, and the first count of the declaration is sufficient after judgment to support the recovery.

The defect was discovered in season by the plaintiff to enable him to escape any greater loss than the amount awarded him. It was his course to stop on seeing the error, unless sustained by the sheriff in going on. But he went forward on his own views and without any assent from the sheriff, and in so doing he proceeded, as the law regards it, in his own wrong, and the sheriff is not responsible for the consequences thus caused.

This view covers all material points, and discussion of details is needless.

The judgment is affirmed, but neither party will recover costs of this Court against the other, except that the cost of printing the record must be borne equally.

The other Justices concurred.