## JACOB BEHLER v. LEWIS A. DRURY.

*Findings—Conversion by sheriff.*

The assignment of error that there is no evidence to support the finding covers the whole group of facts found and is too broad where the finding contains some unquestioned facts.

Judgment in trover for conversion is sustained by a finding that defendant, in making levy as sheriff, upon wheat belonging to plaintiff's father-in-law, had taken away part of a common mass and put the rest in another bin after being warned by plaintiff that he had wheat there which must not be taken.

Error to Gratiot.  (Hart, J.)  June 7.—June 20.

TROVER.  Defendant brings error.  Affirmed.

*James K. Wright* and *L. T. Wright* for appellant.

*C. J. Willett* and *C. W. Giddings* for appellee.

GRAVES, C. J.  This is a case of trover for twenty-six bushels of wheat, which was tried on appeal before the circuit judge without a jury, and decided in favor of the plaintiff.  The wheat was taken by the defendant, as sheriff, on certain process against one Wilson, the plaintiff's father-in-law.

It was lying in a bin in Wilson's barn, along with a few bushels belonging to Wilson.  There were three other bins, —one containing about 175 bushels, another about 10 bushels of poor red wheat, and still another which was empty.  The plaintiff was about starting for a funeral when the defendant called and made known his business, and the plaintiff told him he had wheat there and that he must not take that.  The defendant suggested that the parties for whom he was acting would have to be responsible, and he immediately went to the granary.  When the plaintiff returned from the funeral he found about 45 bushels in the bin that was previously empty, but all the residue gone except the parcel of poor red wheat.  The bin in which the plaintiff had left his wheat was empty.

A demand was made subsequently of the defendant, and he virtually admitted the taking, but referred to those for whom he acted as the persons to be looked to.

The whole evidence is set out in the bill of exceptions.  The charges of error are—1st, that there is no evidence to support the finding; 2d, that the finding does not support the judgment; and 3d, that the conclusion of the circuit judge that there was a conversion was obtained by inference.

The first charge of error is too broad.  It applies to the entire group of facts found, and not to any one in particular; and there are some which the defendant does not pretend

to question. But this is not very important, because neither of the facts is destitute of evidence. The second charge of error is not borne out. The finding is quite sufficient. The third objection has no force, either upon principle or in fact.

No error is shown, and the judgment must be affirmed with costs.

The other Justices concurred.