### VAN DUSEN *v.* KING.

SHERIFFS—ABUSE OF PROCESS—INTEREST IN SUIT—CHATTEL MORTGAGE—DURESS.

> A sheriff has no authority to execute a writ of attachment issued out of justice's court to enforce a claim which he has undertaken to collect for a portion of the proceeds, and a chattel mortgage given to avoid a threatened levy by virtue of such writ is invalid for fraud and coercion. How. Stat. §§ 590, 596, 606, 7050, 9035.

Error to Montcalm; Davis, **J.** Submitted June 12, 1895. Decided July 2, 1895.

Trover by Amanda M. Van Dusen against Charles M. King for property seized under chattel mortgage. From a judgment for defendant, plaintiff brings error. Reversed

*Lemuel Clute* and *Miller & Clute*, for appellant.

*F. A. Miller*, for appellee.

McGRATH, C. J.    This is trover for the seizure and sale of a yoke of steers, under a chattel mortgage.    Defendant, while sheriff, took for collection a note against plaintiff's husband, under an agreement with the payee that he, the sheriff, was to have half of the proceeds in case he succeeded in collecting it.    He then went before a justice, took out a writ of attachment in the name of the payee of the note, and, armed therewith, went to the house of the maker and threatened to make a levy unless the note was paid.    To avoid such threatened levy, the mortgage was given by plaintiff's husband, and defend-ant afterwards seized the property thereunder.    Defendant testifies that plaintiff at that time made no claim to the property, but refused to join in the mortgage.    It was admitted upon the trial that the property did in fact belong to plaintiff when the mortgage was given, and when the steers were taken under the mortgage.    The court, however, instructed the jury that, if she stood by and assented to the giving of the mortgage, she was estopped.    This instruction was, perhaps, supported by the testimony of the defendant, although his testimony was disputed, not only by plaintiff, but by others.    The court further instructed the jury that the sheriff had a right to take the course he did to make this collection, and "that the question as to how he came by the note, so long as it is not disputed but what it was a valid indebtedness, is no question or concern to you."

In this the court erred.    1 How. Stat. § 590, provides that—

"No sheriff, deputy sheriff, or coroner shall appear in any court as attorney or counsel for or on behalf of any party in a suit; nor shall he draw, make, or fill up any writ, declaration, plea, or process for any such party; nor shall he, with intent to procure himself to be employed in the collection of any demand or the service

of any process, advise or counsel any person to commence any suit or proceeding; and either of said officers, for a violation of any provision of this section, shall forfeit the sum of fifty dollars."

In *Garrison* v. *Hoyt*, 25 Mich. 509, it was held that the alteration of a summons by a sheriff, although authorized so to do by the justice, invalidated the process.

2 How. Stat. § 7050, provides that—

"No justice of the peace or constable shall, directly or indirectly, buy or be interested in buying any bond, note, or other demand or cause of action, for the purpose of commencing any suit thereon before a justice; nor shall any justice or constable, either before or after the suit brought, lend or advance, or agree to lend or advance, or procure to be lent or advanced, any money or valuable thing to any person in consideration of, or as a reward for, or inducement to, the placing or having placed in the hands of such justice or constable any debt, demand, or cause of action whatever for prosecution or collection."

Section 7052 subjects the offending justice or constable to a fine not exceeding $500, or imprisonment not exceeding six months, or both fine and imprisonment. Section 596 authorizes sheriffs to serve or execute process issuing from a justice, and to exercise all the powers of constables. Section 9035 provides that—

"No judge, justice, sheriff, or other officer whatsoever, or other person to whom any fees or compensation shall be allowed by law for any service, shall take or receive any other or greater fee or reward for such service, but such as is or shall be allowed by the laws of this State."

Section 606 provides that the coroner shall serve and execute all process when the sheriff shall be a party.

Clearly, under these statutory provisions, the sheriff had no authority to execute the writ of attachment. He concealed from the parties the fact that he was there as a party in interest, and asserted a right, which he did not possess, of acting as a public officer, and, by threatening a levy and sale if the debt was not settled, secured the mortgage. Under such circumstances, it must be held

that the mortgage was obtained by fraud and coercion. A sheriff cannot be allowed to wield the process of the courts in his own interest, and thus abuse such process. As is said in one of the cases, it is not so much a question of individual right as of public policy. *Mills* v. *Young*, 23 Wend. 314; *Stewart* v. *Magness*, 2 Cold. (Tenn.) 310; *Sherman* v. *Boyce*, 15 Johns. 443; *Caffrey* v. *Dudgeon*, 38 Ind. 521; *Carpenter* v. *Stilwell*, 11 N. Y. 61.

The judgment must be reversed, and a new trial awarded.

LONG, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.