CASE 98.—ACTION BY AMERICA MARTIN AND OTHERS AGAINST BURWELL SMITH AND OTHERS.—February 18, 1910.

## Martin, &c. v. Smith, &c.

Appeal from Whitley Circuit Court.

W. T. DAVIS, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

Sheriffs and Constables—Liability on Bond.—Where a marshall, acting in his official capacity in making an arrest, unlawfully shot and killed a bystander, whom he suspected of an intent to interfere with the arrest, when not necessary or apparently necessary to save himself from death or great bodily harm, the officer and the sureties on his bond were liable to the infant children of deceased.

T. Z. MORROW and J. K. WATKINS for appellant.

A. T. SILER and K. D. PERKINS for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing:

Appellants, the infant children of Demps. Martin, brought this suit against appellees, Burrell Smith's sureties on the bond of Smith as marshal of the town of Corbin for the unlawful killing of Demps. Martin by the marshal while in the discharge of his official duty. The marshal was attempting to arrest Charley Martin for an alleged offense and was resisted by the prisoner. Demps. Martin and others were standing by. The officer evidently thought Demps. Martin and the others contemplated an interference with the arrest, but, in fact, they did not attempt it.    In the difficulty the marshal shot Charley Martin, and while still holding to and fighting with him turned his pistol on Demps. Martin, and shot him, inflicting a mortal wound.    On a former appeal (Martin et al. v. Burrell Smith, et al., 110 S. W. 413, 33 Ky. Law Rep. 582) it was held that the action could be maintained on behalf of the infants, although the widow of Demps. Martin should decline to prosecute it. On a return of the case the trial was had before the jury.

The issue was whether the shooting of Demps. Martin was done by the marshal in his apparent necessary self-defense. The answer denied, too, that Martin was shot by the marshal unlawfully, willfully, and maliciously. The evidence for the plaintiff showed the facts above recited, except of course it did not show absolutely the belief of the marshal as to the necessity for shooting Demps. Martin.    In fact, the evidence for the plaintiff showed that the marshal did not act lawfully, in attempting the arrest of Charley Martin. The latter was not committing any offense in the presence of the officer, and had not committed any offense at all. Whether he should have resisted the arrest is not the question.    But whether

the officer acted in excess of his legal authority in what he did, including the shooting of Demps. Martin, was the question to be tried.

At the close of the plaintiff's evidence, the trial court peremptorily directed a verdict for appellees, the sureties on the marshal's official bond. That was done because the court was of the opinion that the officers's act in shooting Demps. Martin, an un-offending bystander, was not in the attempted exercise of official authority, but was the personal malicious act of that officer. The marshal was at the time acting in his official capacity. He was endeavoring to arrest a person whom he believed was violating the law. The circumstances proven tend to show that he thought Demps. Martin was about to interfere to liberate his prisoner, or that he would inflict some bodily harm on the officer. He evidently deemed that it was necessary to protect himself in the discharge of what he conceived to be his official duty to shoot Demps. Martin. In that, so far as the plaintiff's evidence showed, he was not in fact in jeopardy, nor did there appear reasonable grounds for his believing that he was.

In Shields v. Pflanz, 101 Ky. 407, 41 S. W. 267, 19 Ky. Law Rep. 648, it was held that the officer's malicious and excessive exercise of authority under a writ in his hands for execution was an act for which he was liable in his official capacity to the person aggrieved. In Johnson v. Williams's Admr., 111 Ky. 289, 63 S. W. 759, 23 Ky. Law Rep. 658, 54 L. R. A. 220, 98 Am. St. Rep. 416, the action was against the sheriff and the sureties on his official bond for the negligent killing of Charles Williams by two of the sheriff's deputies acting under warrant, but mistaking the person killed for the one whom they were

directed to arrest upon a charge of felony. The officers were acting in their official capacity. Circumstances might have justified their killing the real defendant in executing their writ, even though he had been doing no more than the person supposed to be he was doing. Yet for their mistake their principal and his sureties were held liable. The case was rested upon the principle that, if the officer in executing a legal writ seizes the goods or person of a stranger to the writ, he is not protected by his writ, is a trespasser ab initio, and liable to the person damaged for the full consequences of his error.

The court reasoned thus: "If the sheriff in executing an order of attachment against the property of one person seizes that of another, he and his sureties are liable. If he should seize the property of one not a defendant in the execution and sell it to satisfy it, he is liable on his bond for, the tort. If he has a warrant for one and under it arrest another, he is liable on his bond for the tort thus committed. He cannot justify the wrongful arrest by showing he believed and had reasonable grounds for believing that he was executing it upon the party named in it. If he cannot in that way justify a wrongful arrest, much less should he be permitted to justify the killing of another by showing that he had probable cause for believing that he was shooting at the party whom he was authorized to arrest."

"It was also held in Stephens v. Wilson, 115 Ky. 27, 72 S. W. 336, 24 Ky. Law Rep. 1832, that, if the deputy sheriff, acting under void process, arrests a man under it, the sureties on the sheriff's bond are liable. So in Growbarger v. U. S. Fidelity & Guaranty Co., 126 Ky. 119, 102 S. W. 873, 31 Ky. Law Rep. 555, 11 L. R. A. (N. S.) 758, 128 Am. St. Rep.

274, a town marshal and his surety were held liable on the former's official bond for the wanton killing by the officer of Growbarger, whom the marshal had under arrest for breach of the peace. All the cases rest upon the principle that the officer in executing his writ, or in acting officially where a writ is not required, as where an offense has been committed in his presence, is restrained by the terms and the limit of his writ; that if he exceeds its terms in taking the property or the person of a stranger to the writ, or if he acts in excess of authority, he becomes a trespasser, whose act being in virtue of his office is covered by the terms of his bond, and that he breaches his bond in committing such excess.

In the case here in hand the act of the marshal in attempting to arrest Charley Martin was in virtue of the former's office. In acting he acted in excess of authority. If he had killed Charley Martin unnecessarily, it would not be disputed under the authorities cited that he and the sureties on his bond would be liable for the damages so inflicted. If he had been mistaken as to the person, and perpetrated the same act upon Demps. Martin, though in good faith believing he was Charley Martin, he and his sureties would nevertheless be liable. When he in the course of his action carries his official act so far as that reaches over and touches a stranger, inflicting injury upon him, the liability of the marshal as for an act done in virtue of his office is identical with the liability in the foregoing adjudged cases. It was one continuous transaction, consisting of a series of connected parts. It cannot be said that he is liable for one part of his act and yet for another part is not liable.

We are of the opinion that the peremptory in-
struction was erroneous.   There was enough in the
evidence for the case to have gone to the jury under
instructions telling them that if the killing of Demps.
Martin by the marshal was done by the latter in
virtue of his official capacity in attempting to arrest
Charley Martin when not necessary, or apparently
necessary, to save himself from death or great bodily
harm about to be then inflicted on him by Charley
Martin or Demps. Martin, or by others there
acting with them, the marshal and the sureties on his
official bond are liable to the infant plaintiffs for the
damages inflicted, which is the reasonable value of
the power of the deceased to earn money which was
destroyed.   Section 4, Ky. St.

Judgment reversed and remanded for a new trial
under proceedings consistent herewith.