BOSTATTER v. HINCHMAN.

1. SHERIFFS—COMMON-LAW LIABILITY OF SHERIFFS FOR WRONGFUL
ACTS OF DEPUTY.

At common law a sheriff was not liable for the wrongful
acts of his deputy acting beyond the scope of his authority.

2. SAME—NO LIABILITY FOR ACTS WITHIN SCOPE OF AUTHORITY.

Neither a sheriff nor his deputy is liable for acts within
the scope of his authority.

3. SAME—SHERIFF AND HIS SURETIES LIABLE FOR ACTS IN EXCESS
OF AUTHORITY—TRESPASS.

The sureties on the bond of a sheriff are liable with him
for any trespass committed by him in attempting to dis-
charge his official duties; an act in excess of his authority
being a trespass, breaching his official bond.

4. SAME—SHERIFF AND HIS SURETIES LIABLE FOR DEPUTY'S ACTS
IN EXCESS OF AUTHORITY.

If a deputy sheriff is guilty of unlawful conduct in the
discharge of his official duties, the sheriff and the sureties
on the sheriff's bond are liable therefor; an official act
being an act done by the officer in his official capacity under
color and by virtue of his office (1 Comp. Laws 1915, §§
2443, 2449).

5. SAME—SHERIFF AND HIS SURETIES LIABLE FOR RECKLESS KILL-
ING OF INNOCENT PERSON BY DEPUTY.

Where a special deputy sheriff, sent by the under sheriff
to look for thieves who had been robbing farmers of apples,
potatoes, and chickens, recklessly shot and killed an in-
nocent person who was returning from selling a truckload
of apples and who attempted to get away when the officers
appeared, the shooting, though done under color of official
sanction, was illegal and in excess of his authority, for
which the sheriff and the surety upon his official bond are
liable in an action based thereon.

Error to Berrien; Weimer (George V.), J., presiding.

On liability of sheriff, marshal, or constable for his deputy's
tort in making arrest, see annotation in 12 L. R. A. (N. S.) 1019;
L. R. A. 1915E, 172; 1 A. L. R. 236; 12 A. L. R. 981.

Submitted June 13, 1928.     (Docket No. 71, Calendar No. 33,560.)     Decided July 24, 1928.

Case by Hazel A. Bostatter, administratrix of the estate of Royal B. Bostatter, deceased, against Milton G. Hinchman and others for the negligent killing of plaintiff's decedent.     Judgment for plaintiff.     Defendants bring error.     Affirmed.

*John J. Sterling* and *Gore & Harvey*, for appellants.

*Clare E. Hoffman* and *Alvah P. Cady*, for appellee.

POTTER, J.     Royal B. Bostatter was shot and killed by defendant Milton G. Hinchman.     Plaintiff, widow and administratrix of the estate of deceased, brought suit against defendants Franz, sheriff of Berrien county, Paget, under sheriff, Hinchman, special deputy sheriff, and the General Casualty & Surety Company, surety on the sheriff's official bond.     There was judgment for plaintiff against defendants Franz, Hinchman, and General Casualty & Surety Company, and they bring error.

Defendants claim Hinchman was special deputy sheriff with limited powers, without authority to act in the northern part of Berrien county; that his acts complained of were without authority, without direction from the sheriff, and without warrant, and the sheriff and the surety on his official bond are not liable therefor.

Defendant Franz appointed Hinchman special deputy sheriff and gave him a card as follows:

"Special Deputy Sheriff.
"I do hereby appoint Milton Hinchman special deputy sheriff, during my pleasure.
"Dated:   May 1st, 1925.
"FRED C. FRANZ, Sheriff,
"Berrien County,
"St. Joseph, Michigan."

The appointment of Hinchman as special deputy sheriff was not filed in the office of the county clerk in accordance with the statute (1 Comp. Laws 1915, § 2446). In the fall of 1925 defendant Franz went hunting in upper Michigan. Paget, under sheriff, was left in charge of the sheriff's office. A number of farmers in Berrien county had been robbed of apples, potatoes, and chickens. Paget called Hinchman to the sheriff's office and told him and a Mr. Guy to investigate and find out who was doing the thieving. Paget told them to look for a Ford truck. Deceased and his father-in-law, John Borton, whose farm deceased worked, lived in Allegan county, and November 23, 1925, took a Ford truckload of apples to South Bend and sold them. They had the money received from the sale of the apples. They left South Bend after lamplight. The lights of the truck were not good, its radiator was running dry and the engine heating. They stopped to get water. Defendant Hinchman and Guy came up. Hinchman says he flashed a light on his official badge, told deceased he was a deputy sheriff, and said; "We want to talk with you;" that the minute he said that, deceased stepped on the gas and tried to get away. Hinchman began to shoot, he says, at the tires on the truck. Bostatter was instantly killed. Mr. Borton, who was in the cab of the truck with deceased, says he saw no badge and no officer and heard no request for conversation and no command to stop. There is no claim that Hinchman had a warrant for Bostatter's arrest; that he had been ordered or directed to shoot either by the sheriff or the under sheriff, or that deceased had violated any law. Defendant Hinchman says he was suspicious of the deceased because a canvas covered something on the back of the truck. Borton says he thought it was an attempted hold-up.

Defendant Hinchman was out on the highway in the nighttime looking for thieves, as he was ordered

to do by Paget, under sheriff.  He was there because of his official employment as a deputy sheriff.  He claims he told deceased he was a deputy sheriff and showed him his official badge as such.  He was not acting as an independent citizen.  He had, so far as the record shows, never known, seen, or heard of deceased until the night of the shooting.

A sheriff is a sworn minister of justice (*Handy* v. *Clippert*, 50 Mich. 355), elected for two years (1 Comp. Laws 1915, § 2441).  He must give a bond in the penal sum of $10,000 (1 Comp. Laws 1915, § 2441), conditioned that he "shall well and faithfully, in all things perform and execute the office of sheriff of said county." 1 Comp. Laws 1915, § 2442.  A sheriff may appoint deputies "for whose official acts he shall be in all respects responsible." 1 Comp. Laws 1915, § 2443.  He has charge of the jail and custody of prisoners "and shall keep them himself or by his deputy or jailor, for whose acts he shall be responsible." 1 Comp. Laws 1915, § 2448.  The sureties upon a sheriff's bond are liable for any default or misfeasance in office of any deputy sheriff even after the death, resignation, or removal of the, sheriff by whom such deputy was appointed. 1 Comp. Laws 1915, § 2449.  Any action for malfeasance, misfeasance, or nonfeasance of a deputy sheriff survives the death of the sheriff and may be prosecuted against his executors or administrators. 1 Comp. Laws 1915, § 2450.

At common law a sheriff was not liable for the wrongful acts of his deputy acting beyond the scope of his authority.  35 Cyc. p. 1613; Murfree on Sheriffs, § 60; *Murrell* v. *Smith*, 3 Dana (Ky.), 462; *Johnson* v. *Williams' Adm'r*, 111 Ky. 289 (63 S. W. 759, 54 L. R. A. 220, 98 Am. St. Rep. 416); *Michel* v. *Smith*, 188 Cal. 199 (205 Pac. 113); *Ivy* v. *Osborne*, 152 Tenn. 470 (279 S. W. 384).  The common-law rule prevails in some States.  In others a deputy sheriff is regarded as in the private service of the sheriff.  He

acts in his place and stead.     He is a public officer only because of his appointment by the sheriff.     *Foley* v. *Martin,* 142 Cal. 256 (71 Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123) ; *Michel* v. *Smith, supra.*     Neither a sheriff nor his deputy is liable for acts within the scope of his authority.     A sheriff is liable in damages for an excessive levy.     *Handy* v. *Clippert, supra;* taking on judicial process property not belonging to defendant, *Behler* v. *Drury,* 51 Mich. 111; taking exempt property on execution, *Stilson* v. *Gibbs,* 53 Mich. 280; failure to levy a writ of attachment, *Beard* v. *Clippert,* 63 Mich. 716; *Springett* v. *Colerick,* 67 Mich. 362; abuse of judicial process, *Van Dusen* v. *King,* 106 Mich. 133; and failure to permit an execution defendant to select his exemptions, *Hutchinson* v. *Whitmore,* 90 Mich. 255 (30 Am. St. Rep. 431) ; *Parker* v. *Canfield,* 116 Mich. 94.     If these acts are performed by a deputy the sheriff and his bondsmen are liable.     They are all illegal, in excess of authority, though done under color of official sanction.     The act of Hinchman was in excess of his authority, though done under color of official sanction.

"The purpose of an official bond. is to provide indemnity against malfeasance and misbehavior in public office, the misuse of powers belonging to the office, and the assumption, under guise of official action, of powers not belonging to it.     All acts so performed, though unlawful or wrongful, are official acts within the meaning of an undertaking that an officer shall faithfully and impartially discharge the duties of his office; and as such may be reasonably considered to have been within the contemplation of the sureties at the time they entered into the undertaking, as constituting a breach of its conditions."     24 R. C. L. p. 956.

See, also, Smith's Sheriffs, Coroners and Constables, p. 566; Crocker on Sheriffs, § 849; Gwynne on Sheriffs, p. 583; Murfree on Sheriffs, § 60.

The sureties on the bond of a sheriff are liable with him for any trespass committed by him in attempting to discharge his official duties.    *Charles* v. *Haskins,* 11 Iowa, 329 (77 Am. Dec. 148).    An officer who acts in excess of his authority becomes a trespasser and his acts in excess of such authority breach his official bond.    *Martin* v. *Smith,* 136 Ky. 804 (125 S. W. 249, 29 L. R. A. [N. S.] 463) ; *Johnson* v. *Williams' Adm'r, supra.*

If a deputy sheriff is guilty of unlawful conduct in the discharge of his official duties, the sheriff is liable for such unlawful acts and so are the sureties on the sheriff's bond.    *State, ex rel. McPherson,* v. *Beckner,* 132 Ind. 371 (31 N. E. 950, 32 Am. St. Rep. 257).

An official act is an act done by the officer in his official capacity under color and by virtue of his office. *Campbell* v. *People,* 154 Ill. 595 (39 N. E. 578) ; *Turner* v. *Sisson,* 137 Mass. 191; *Greenberg* v. *People,* 225 Ill. 174 (80 N. E. 100, 8 L. R. A. [N. S.] 1223, 116 Am. St. Rep. 127) ; *Clancy* v. *Kenworthy,* 74 Iowa, 740 (35 N. W. 427, 7 Am. St. Rep. 508) ; *Miles* v. *Wright,* 22 Ariz. 73 (194 Pac. 88, 12 A. L. R. 970) ; *Hall* v. *Tierney,* 89 Minn. 407 (95 N. W. 219) ; *Warner* v. *Grace,* 14 Minn. 487; *Reichman* v. *Harris,* 252 Fed. 371; *Meek* v. *Tilghman,* 55 Okla. 208 (154 Pac. 1190) ; *Brown* v. *Weaver,* 76 Miss. 7 (23 South. 388, 42 L. R. A. 423, 71 Am. St. Rep. 512) ; *Greenius* v. *American Surety Co.,* 92 Wash. 401 (159 Pac. 384, L. R. A. 1917F, 1134).

Here the deputy sheriff was acting in his official capacity.    He acted under color of office.    "The fault of the deputy was the fault of the sheriff."    *Prosser* v. *Coots,* 50 Mich. 262.

Judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

WIEST, J. (*concurring*).     As a duly appointed deputy, Hinchman was sent to perform an official duty, and, while exceeding his power, recklessly killed Royal B. Bostatter.     Had the sheriff so acted in person, instead of by his deputy, liability would probably go unquestioned.     The measure of liability is the same, whether the sheriff acts in person or by deputy.     I, therefore, concur in affirmance.