BRIDGMAN *v.* BUNKER.

1. JUDGMENT—SUMMARY JUDGMENT—PLEADING.
   A motion for summary judgment admits all well-pleaded facts as true (GCR 1963, 117.1).

2. CRIMINAL LAW—ARREST—HOLIDAYS.
   Arrest of a driver for driving under the influence of liquor by a State trooper on Christmas Day is an arrest for a misdemeanor committed in the trooper's presence, and is not illegal (CLS 1961, § 257.625).

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleadings § 340 *et seq.*
[2] 5 Am Jur 2d, Arrest § 26.
[3] 47 Am Jur, Sheriffs, Police, and Constables § 26 *et seq.*
[4–6] 5 Am Jur 2d, Arrest § 12; 32 Am Jur 2d, False Imprisonment § 67.

3. SHERIFF AND CONSTABLES—DEPUTIES—RESPONDEAT SUPERIOR.
   The doctrine of respondeat superior is not applicable to a sheriff for acts, defaults, or misconduct of deputy sheriffs in the course of their duties (CLS 1961, § 51.70).

4. OFFICERS—COMMITMENT—RESPONSIBILITY.
   An officer is not required to look behind a regular warrant or commitment order coming from a proper jurisdiction.

5. SAME—PUBLIC POLICY—RESPONSIBILITY FOR FALSE IMPRISONMENT.
   Law officers acting in good faith are protected as a matter of public policy from damage claims for false imprisonment if they are obeying orders issued from a court of competent jurisdiction.

6. FALSE IMPRISONMENT—SUMMARY JUDGMENT—HOLIDAYS.
   Summary judgment dismissing action for false imprisonment against State trooper who arrested plaintiff for driving under the influence of intoxicating liquor on a legal holiday, and in favor of sheriff whose deputy received plaintiff into custody after his conviction and commitment by a justice court on a legal holiday *held,* proper (CLS 1961, § 257.625; GCR 1963, 117.1).

Appeal from Macomb, Cynar (Walter P.), J. Submitted Division 2 January 9, 1968 at Lansing (Docket No. 4,000.)   Decided June 25, 1968.

Complaint by Ulysses L. Bridgman against George F. Bunker, Lester Almstadt, and Thomas Bereza for damages for false imprisonment. Summary judgment in favor of defendants Bereza and Almstadt. Plaintiff appeals. Affirmed.

*James Thomson,* for plaintiff.

*Nunneley, Nunneley & Hirt* (*Thomas D. Rinehart,* of counsel), for defendant Almstadt.

*George N. Parris,* Prosecuting Attorney, and *Thaddeus F. Hamera,* Assistant Prosecuting Attorney, for defendant Bereza.

McGregor, J. On Christmas Day, December 25, 1964, at approximately 4:45 a.m., trooper Thomas Bereza of the Michigan State police, on Gratiot avenue in Macomb county, observed an automobile coming towards him, going south in the northbound lane. He stopped the automobile, which was being operated by the plaintiff, observed that he was in a state of intoxication, arrested him, and took him to the county jail where he was "booked" on a charge of driving under the influence of liquor.[1] Subsequently, on Christmas Day, he was taken before Judge Bunker, found guilty, and was sentenced to serve 30 days in the county jail and fined $100 and court costs.

A State police officer then took the plaintiff to the county jail where he was received by deputy sheriffs, acting pursuant to the commitment papers from the court. On January 8, 1965, the plaintiff paid his fine and was released on a one-year probation sentence. Plaintiff appealed to the circuit court, which set aside the conviction on the ground that the accused was convicted on a legal holiday, and ordered the repayment of the fine and costs. Plaintiff then filed his action for false imprisonment, naming Judge Bunker, Trooper Bereza, and county Sheriff Almstadt as defendants.

Motions for summary judgment in favor of Bereza and Almstadt were granted by the circuit court.[2] The case as to defendant Bunker is not before us.

Plaintiff contends that the court, in making a determination of the facts in granting a summary judgment to defendants Bereza and Almstadt upon affidavit of motion for summary judgment, usurped the function of a jury, and denied the plaintiff his right of due process of law.

---

[1] CLS 1961, § 257.625 (Stat Ann 1960 Rev § 9.2325).
[2] GCR 1963, 117.1.

A motion for a summary judgment admits all well-pleaded facts as true. The pleadings and motion affidavits disclose that the plaintiff's claims are insubstantial and without merit, and raise no genuine issues as to these two defendants.

The pleadings disclose nothing erroneous in the arrest of the plaintiff by trooper Bereza for a misdemeanor committed in the trooper's presence, the resulting charge, his conviction,[3] or the court sentence, except that the court procedure was held on Christmas Day. There was no illegal arrest in this case by Trooper Bereza. No one contends that Christmas Day is not a legal public holiday.

When the plaintiff was committed to the county jail, the sheriff was not there, but plaintiff contends that because the sheriff has charge of the jail by law,[4] any acts, knowledge, or misconduct of a deputy sheriff is constructively attributable to the sheriff under the doctrine of *respondeat superior*. The doctrine of *respondeat superior* is not applicable to a sheriff for acts, defaults, or misconduct of deputy sheriffs in the course of their duties.[5]

The statutes concerning State police and public safety include a pertinent clause relative to the instant matter, CL 1948, § 28.6 (Stat Ann 1961 Rev § 4.436):

"and each officer of said department are hereby granted all the immunities and matters of defense available or hereafter made available to conservators of the peace and/or sheriffs in any suit brought against them by virtue of acts done in the course of their employment."

---

[3] It is disputed by plaintiff that he pleaded guilty.

[4] CLS 1961, § 51.75 (Stat Ann 1961 Rev § 5.868).

[5] CLS 1961, § 51.70 (Stat Ann 1961 Rev § 5.863): "No sheriff shall be responsible for the acts, defaults or misconduct in office of any deputy sheriff,"

There is no allegation by plaintiff that the justice court operated by defendant Bunker was without jurisdiction or that any act was performed which indicated bias, fraud, or prejudice on the part of either of the defendants herein, Sheriff Almstadt or Trooper Bereza. Plaintiff's pleadings contend only that the holding of court on Christmas Day was illegal and *coram non judice*. There is no showing in the pleadings or supporting affidavits that the defendant trooper or the defendant sheriff did not act in good faith.

An officer is not required to look behind a regular warrant or commitment order coming from a proper jurisdiction. There is no claim that the process in the instant case did not issue from a court having authority of law to do so. With the policy of no undue delay in bringing an accused before a magistrate, holding of weekend arraignments, and the Supreme Court ruling that magistrates are on legal duty at all times, "Sunday, holidays, or no," *People* v. *Hamilton* (1960), 359 Mich 410, 417, a committing officer would be hard pressed to discern which proceedings are valid and which are not.

In *Brown* v. *Hadwin* (1914), 182 Mich 491, 495-497, the arrested person subsequently brought an action for false imprisonment, after being discharged on request of the prosecuting attorney, because of a faulty warrant, void on its face. In that false arrest case, a directed verdict of the trial court was sustained by the Supreme Court, which stated in its opinion:

"There is no question that the process in the instant case issued from a court having authority of law to issue such process, and that the process was legal in form, and we are of the opinion that the failure to allege to whom the liquor was furnished or sold is not such a defect as to notify or fairly apprise the officer that it was issued without author-

ity.  As was said by Justice MARSTON, in *Wheaton* v. *Beecher* (1882), 49 Mich 348, 350, 351:

" 'An officer to whom a criminal warrant is delivered by a magistrate may be indicted for refusing to serve or return the same.  1 Bishop, Criminal Law, § 350.  If no cause or an insufficient cause appear therein and the person accused resists and kills the officer, then, according to the extent of the authority of the officer his death may be murder, manslaughter, or perhaps justifiable homicide. *Hoye* v. *Bush* (1840), 1 Man & Grang 775 (133 Eng Rep 545.), cited in *Drennan* v. *People* (1861), 10 Mich 169, 183.

" 'The officer is not bound to look behind a regular warrant coming from a proper jurisdiction.

" 'In many cases it must be exceedingly difficult for the officer or his advisers to determine whether a warrant is or is not defective upon its face, and in view of the peculiar position in which the officer is placed, in all such cases he cannot be held liable in a civil action for damages, for making the arrest.'
\* \* \*

"The warrant issued was nevertheless fair on its face, and this proceeding against the process server is an action of false imprisonment alone.  In such an action this court has not required the officer to look behind the process.  In serving the process he has a right to rely on the warrant, and is not compelled to examine the complaint or other preliminary proceedings."

In an analogous case, *Doak* v. *Springstead* (1938), 284 Mich 459, the Michigan Supreme Court affirmed a directed verdict for the defendant in an action for false imprisonment where the plaintiff was arrested and detained on a charge of misdemeanor and subsequently convicted in justice court, although on appeal he was found not guilty by a jury.  The court held that in an action for false imprisonment a conviction of the accused is conclusive evidence of

probable cause, although on appeal the conviction is set aside or the accused is acquitted, where there was no charge in the declaration that the conviction of the accused was obtained by unfair means.

It is the policy of the law to protect law officers acting in good faith from damage claims for false imprisonment if they are obeying orders issued from a court of competent jurisdiction.

"If possible, any doubt should be resolved in favor of an honest discharge of duty by peace officers, and the courts should not place them in fear of responding in damages for the lawful and proper discharge of that duty." *Odinetz* v. *Budds* (1946), 315 Mich 512, 518.

The summary judgment of the trial court is affirmed as to defendants Almstadt and Bereza, with costs to the appellees.

LESINSKI, C. J., and CANHAM, J., concurred.