BAYER v. MACOMB COUNTY SHERIFF

OPINION OF THE COURT

1. SHERIFFS AND CONSTABLES—DEPUTY'S MISCONDUCT—SHERIFF'S LIABILITY—STATUTES.

   A sheriff's hiring of a vicious deputy is not actionable in itself.

2. SHERIFFS AND CONSTABLES—DEPUTY'S MISCONDUCT—SHERIFF'S LIABILITY—ASSAULT AND BATTERY.

   Alleged assault and battery committed by a deputy sheriff upon the plaintiff while he was a county jail inmate was the action of the deputy; the sheriff was, by statute, not liable for the wrong (MCLA § 51.70).

3. SHERIFFS AND CONSTABLES—DEPUTY'S MISCONDUCT—SHERIFF'S LIABILITY—RESPONDEAT SUPERIOR.

   A sheriff is not responsible under the doctrine of *respondeat superior* for his deputy's acts, defaults, or misconduct committed in the course of the deputy's duties (MCLA § 51.70).

4. SHERIFFS AND CONSTABLES—COUNTIES.

   A sheriff's department is an agency of a county (Const 1963, art 7, § 6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 9, 10] 41 Am Jur, Prisons and Prisoners §§ 12, 13.
  Civil liability of sheriff or other officer charged with keeping jail or prison for death or injury of prisoner. 14 ALR2d 353.
[4] 38 Am Jur, Municipal Corporations § 620 *et seq.*
[5, 7, 8] 47 Am Jur, Sheriffs, Police, and Constables § 158 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 853.

5. Sheriffs and Constables—Sheriff's Department—Liability—Deputies' Misconduct.

A sheriff's department, being an agency of the county, is relieved from liability for an alleged assault and battery committed by a deputy sheriff against a jail inmate (MCLA § 51.70; Const 1963, art 7, § 6).

Dissent by V. J. Brennan, J.

6. Judgment—Summary Judgment—Appeal and Error—Standard of Review—Allegations.

*Every well-pleaded allegation of a complaint will be assumed to be true by the appellate court when determining the propriety of the granting of a motion for summary judgment (GCR, 117.2[1]).*

7. Sheriffs and Constables—Deputy's Misconduct—Sheriff's Liability—Source—Construction.

*A sheriff's liability for the acts of his deputies which are within the scope of their authority existed at common law; any statutory change in liability, being in derogation of the common law, must be strictly construed (MCLA § 51.70).*

8. Sheriffs and Constables—Deputy's Misconduct—Sheriff's Liability — Personal Liability — Respondeat Superior — Statutes.

*Statutory provision relieving a sheriff from liability for the acts of his deputies does not relieve a sheriff from personal liability but only liability under the doctrine of* respondeat superior *(MCLA § 51.70).*

9. Sheriffs and Constables—Deputy's Misconduct—Assault on Prisoner—Sheriff's Liability.

*A sheriff or other official in charge of a jail or a prison who knows of the vicious assaultive propensities of a deputy is liable when an inmate is injured by the deputy; the liability attaches, not because of* respondeat superior, *but because of the sheriff's or official's own misconduct in allowing the deputy to remain employed (MCLA § 51.70).*

10. Negligence—Incompetent Instrumentality.

*Use of an instrumentality, whether a human being or a thing, which the user knows or should know to be so incompetent, inappropriate, or defective that its use carries an unreasonable risk of harm to others is negligence.*

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 1 June 9, 1970, at Detroit. (Docket No. 7941.)   Decided December 10, 1970.

Complaint by Ralph Bayer against Lester Almstadt, Macomb County Sheriff, and John Smoot, Deputy Sheriff, for damages for injuries sustained in an assault and battery by the deputy. Summary judgment for defendant sheriff and his department. Plaintiff appeals. Affirmed.

*Nelson, Gracey & Turner,* for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehart,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

KELLEY, J. Plaintiff seeks to recover civil damages from the sheriff and his department and a deputy sheriff for the alleged misconduct of the deputy sheriff. He alleges in his complaint that while he was under arrest at the county jail the defendant deputy sheriff struck him, inflicting serious injury. He does not allege that the sheriff aided or counselled in the assault. He appeals a summary judgment of dismissal as to defendants sheriff and sheriff's department.

The single issue to be determined on appeal is whether the sheriff and the sheriff's department can be held liable for the alleged assault and battery of a prisoner by a deputy sheriff.

Originally CL 1948, §§ 51.70 and 51.75 read as follows (emphasis supplied):

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Sec. 70. Each sheriff may appoint 1 or more deputies, *for whose official acts he shall be in all respects responsible,* and may revoke such appointments at his pleasure; and persons may also be deputed by any sheriff, by an instrument in writing, to do particular acts.

"Sec. 75. The sheriff shall have the charge and custody of the jails of his county, and of the prisoners in the same; and shall keep them himself, or by his deputy or jailer, *for whose acts he shall be responsible.*"

PA 1952, No 110 deleted from these sections, respectively, the phrases *for whose official acts he shall be in all respects responsible* and *for whose acts he shall be responsible,* and inserted in § 51.70 the following unequivocal language (emphasis supplied):

"Sec. 70. *No sheriff shall be responsible for the acts, defaults and misconduct in office of any deputy sheriff.*"

By thus changing these statutes the legislature clearly expressed its intent that under no circumstances should a sheriff be responsible for the actions of any deputy. A sheriff's mere hiring of a vicious deputy is not actionable in and of itself. If such a deputy unjustifiably beats a prisoner, such action is that of the deputy, for which the sheriff is by statute not responsible. The question as to whether he should be responsible is for the legislature to decide.

The doctrine of *respondeat superior* does not apply to a sheriff for his deputies' acts, defaults or misconduct in the course of their duties. *Bridgman* v. *Bunker* (1968), 12 Mich App 44, 47. In *Fernelius* v. *Pierce* (1943), 22 Cal 2d 226 (138 P2d 12), no charter or statute, as in the present case, relieved

the chief of police from liability for the acts of his subordinates.

The sheriff's department, also named as a defendant, is an agency of the county. Const 1963, art 7, § 6 relieves a county from responsibility under the circumstances here alleged.

Affirmed. Costs to appellees.

DANHOF, P. J., concurred.

V. J. BRENNAN, J. (*dissenting*). Plaintiff sought to recover civil damages from the sheriff, his department, and a deputy arising out of an injury sustained when the deputy struck the plaintiff in the face breaking his jaw. From a summary judgment in favor of the sheriff and sheriff's department the plaintiff appeals.

The facts of the case are as follows. On January 12, 1969, plaintiff was arrested on a charge of assaulting a police officer. He was taken to the Macomb County Jail where Deputy Sheriff John Smoot proceeded to "book" him. A dispute arose over the signing of a receipt for plaintiff's property. During this dispute it was alleged by plaintiff that the deputy wrongfully struck him on the jaw, knocked him down, and seriously injured him. It was further alleged that Deputy Smoot committed assaults on prisoners on other occasions.

The essence of plaintiff's claim as set out in the complaint is that the sheriff, who is in charge of hiring and firing deputies, was negligent in not discharging Officer Smoot when he knew or should have known of his vicious propensities and that such failure was the proximate cause of the injury. The sheriff moved for summary judgment pursuant to GCR 117.2(1) on the ground that the plaintiff failed to state a claim upon which relief could be granted.

It is now contended that the grant of summary judgment was proper since the sheriff is immune from liability under MCLA § 51.70 (Stat Ann 1961 Rev § 5.863),[1] which provides that a sheriff is not responsible "for the acts, defaults and misconduct in office of any deputy sheriff".

In determining the propriety of a motion for summary judgment under GCR 117.2(1), every well-pleaded allegation of the complaint is assumed to be true. *Bielski* v. *Wolverine Insurance Company* (1967), 379 Mich 280. It therefore is our duty to ascertain whether, given the facts as set out in the complaint, the plaintiff's cause falls within the scope of the statute.

Originally CL 1948, § 51.70 provided:

"Sec. 70. Each sheriff may appoint 1 or more deputies, for whose official acts he shall be in all respects responsible  *  *  *  ."

This statute merely codified the common-law rule that a sheriff is liable for the acts of his deputies which are within the scope of their authority. *Bostatter* v. *Hinchman* (1928), 243 Mich 589. *Prosser* v. *Coots* (1883), 50 Mich 262. However, PA 1952, No 110 deleted from MCLA § 51.70 the phrase "for whose official acts he shall be in all respects responsible" and added:

"No sheriff shall be responsible for the acts, defaults and misconduct in office of any deputy sheriff."

Since the amendment to MCLA § 51.70 is in derogation of the common law, it should be strictly construed. *Yount* v. *National Bank of Jackson* (1950), 327 Mich 342; *Risser* v. *Hoyt* (1884), 53 Mich 185.

---

[1] Amended by PA 1969, No 183, eff August 5, 1969. For current statute see MCLA 1970 Cum Supp § 51.70 (Stat Ann 1970 Cum Supp § 5.863).

The problem of statutory construction thus presented is whether the legislature intended PA 1952, No 110 to bar actions against the sheriff for the wrongdoings of a deputy in the case of claims not based on vicarious liability. I am aided in the task of interpreting this statute by the recent case of *Bridgman* v. *Bunker* (1968), 12 Mich App 44.

There, the plaintiff was convicted of drunk driving and was handed over to a deputy sheriff who incarcerated him. When plaintiff's conviction was set aside on appeal, he sued both the deputy and the sheriff for false imprisonment. In affirming a summary judgment in favor of the sheriff, this Court cited MCLA § 51.70 and said:

"When the plaintiff was committed to the county jail, the sheriff was not there, but plaintiff contends that because the sheriff has charge of the jail by law, any acts, knowledge, or misconduct of a deputy sheriff is constructively attributable to the sheriff under the doctrine of *respondeat superior*. The doctrine of *respondeat superior* is not applicable to a sheriff for acts, defaults, or misconduct of deputy sheriffs in the course of their duties." *Bridgman* v. *Bunker, supra,* p 47.

It is obvious that the court was of the opinion that the statute barred actions against the sheriff where it is claimed that he is vicariously liable under the doctrine of *respondeat superior.*

The distinction between vicarious and personal liability is clearly delineated by the case of *Fernelius* v. *Pierce* (1943), 22 Cal 2d 226 (138 P2d 12). There, Mrs. Fernelius sued the Chief of Police of Oakland, California for the wrongful death of her husband. Mr. Fernelius, an inmate of the county jail, was fatally beaten by police in his jail cell. The complaint alleged that the police chief had the power and duty to discipline and remove defendants for

unfitness and incompetence, that the police chief knew or should have known of the vicious propensities of the officers involved, and that he was negligent in failing to remove them. The police chief claimed that summary judgment in his favor should be sustained because the doctrine of *respondeat superior* was not available under California law. In reversing the judgment for defendant, the court held that the complaint stated a cause of action and distinguished this case from that line of cases predicated upon vicarious liability:

"Under the rule of *respondeat superior,* as ordinarily understood, the master is held liable for the torts of his servants committed within the course of their employment. In the typical case the neglect is only that of the servant; the master is himself without fault. But because the servant is engaged in the master's work and is doing it in place of, or for, the master, the act of the servant is regarded as the act of the master. Responsibility devolves up through the relationship to the master and the question of proximate cause of the injury relates only to the act (or neglect) of the servant. In the case now presented by plaintiffs, however, we have a basically different factual pattern. The neglect charged here was not that of the subordinate officers; they did what was reasonably to be expected of them in view of their known propensities. The neglect that is pleaded is that of the defendants themselves. The legal fault charged here as the ground of liability is directly and personally that of the superior officers (the defendants). Responsibility is not claimed to devolve up to them merely derivatively through a relationship of master and servant or principal and agent. The fact that the killer-officers were employees subordinate to the defendants is essentially material here, not for the purpose of tracing responsibility for their acts up to defendants through the ordinary principles of

agency but rather as showing that the homicidal officers were in effect an *instrumentality under the control of the defendants* in the handling of which the defendants were given and charged with responsibility and power, and the question of proximate cause of the injury relates directly to the neglect of the defendants. *This theory would not operate to permit recovery from superior officers in an action against them for the tortious acts or omissions of their subordinates where the superior officers themselves were not at fault in a manner proximately connected with the injury." Fernelius v. Pierce, supra, 233.* (Emphasis supplied.)

Likewise, I cannot believe that § 51.70 was meant to relieve a sheriff from liability for *his own* negligence. When sheriffs or other officials in charge of jails or prisons know of vicious or assaultive propensities of a deputy and an inmate is injured by the misconduct of such deputy, liability should attach on the basis of the official's own misconduct in allowing the deputy to remain employed. It seems only right that a sheriff who has reason to know that one of his deputies physically abuses inmates or allows inmates to physically abuse other inmates and fails to exercise his power to revoke the appointment[2] of the deputy should be answerable in damages to the injured party. This is merely repetitive of the familiar tort concept that:

"It is negligence to use an instrumentality, *whether a human being or a thing,* which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others." 2 Restatement of Torts, 2d, § 307, p 98. (Emphasis supplied.)

I am fully aware of the problem of assaults upon prisoners which are participated in or encouraged

---

[2] See MCLA § 51.70 (Stat Ann 1961 Rev § 5.863).

by law enforcement officers and I fully realize the difficulties of policing these situations. Nevertheless, in a proper case I feel that an inmate abused by the conduct of a deputy may maintain an action against a sheriff for his personal injuries. I believe that MCLA § 51.70 must be strictly construed as barring only those actions against a sheriff based upon a theory of vicarious liability, *i.e., respondeat superior.* Thus plaintiff has stated a claim which, if proven, would entitle him to relief. Since the grounds for a summary judgment were not met, the cause should be remanded for a trial on the merits.

The plaintiff also seeks recovery from the Macomb County Sheriff's Department. The sheriff's department is not a separate legal entity, but an agency of the County of Macomb. The Michigan constitution states that "the county shall never be liable for his [the sheriff's] acts  *  *  *  ". Const 1963, art 7, § 6. Clearly, the County of Macomb is within the protection of the stated constitutional provision and is immune from liability in the present case.

For the foregoing reasons, the judgment in favor of the Macomb County Sheriff's Department should be affirmed; and, as to the judgment in favor of Sheriff Almstadt, I would reverse and remand.