PORTICE v OTSEGO COUNTY SHERIFF'S DEPARTMENT

Docket No. 95229. Submitted July 29, 1987, at Grand Rapids. Decided March 23, 1988.

Two motorists died when a semi-trailer truck driven by Robert Calvin Hall collided with motor vehicles when traffic was backed up at the direction of Otsego Deputy Sheriff Marcia Ann Jelinek because of a prior, unrelated accident. Cecil Portice, the owner of the semi-trailer truck, and Hall settled with the estates of the deceased motorists and brought an action for contribution in the Otsego Circuit Court against the Otsego County Sheriff's Department, the Otsego County Sheriff, and Deputy Jelinek. The trial court, Alton T. Davis, J., granted summary disposition in favor of defendants, ruling that plaintiffs had failed to state a claim upon which relief could be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. The doctrine of respondeat superior does not apply to make a sheriff liable for the acts of his deputies.

2. Neither a county nor its sheriff's department, being an agency of the county, are liable for the acts of a deputy sheriff.

3. The actions taken by Deputy Jelinek in response to the emergency situation which in her determination necessitated the control of traffic were discretionary and therefore entitled to governmental immunity from tort liability.

Affirmed.

1. SHERIFFS AND CONSTABLES — DEPUTY'S MISCONDUCT — RESPONDEAT SUPERIOR.

The doctrine of respondeat superior does not apply to make a sheriff liable for the acts of his deputies (MCL 51.70; MSA 5.863).

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 45-49, 243 *et seq.*

Am Jur 2d, Sheriffs, Police, and Constables §§ 148 *et seq.*, 273.

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

2. Sheriffs and Constables — Counties.

    A sheriff's department, being an agency of the county, is not liable for the acts of a deputy (Const 1963, art 7, § 6).

3. Governmental Immunity — Police Officers — Discretionary-Decisional Acts.

    Police officers, especially when faced with a potentially dangerous situation, must be given a wide degree of discretion in determining what type of action will best ensure the safety of the individuals involved and the general public; the determination of what type of action to take is a discretionary-decisional act for which a police officer is entitled to governmental immunity from tort liability.

*Thomas J. Veum, P.C.* (by *Thomas J. Veum* and *Leanne Barnes Deuman*), for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Michael E. Rosati*), for defendants.

Before: Cynar, P.J., and Weaver and J. H. Hausner,*JJ.

Per Curiam. Plaintiffs Cecil Portice and Robert Calvin Hall appeal as of right from an order entered by the Otsego Circuit Court which granted summary disposition to defendants pursuant to MCR 2.116(C)(8). The circuit court entered the order based on its belief that plaintiffs had not stated a claim for contribution in avoidance of governmental immunity against defendants.

On November 20, 1984, Otsego County Deputy Sheriff Marcia Ann Jelinek responded to a camper fire on southbound I-75. Upon arriving at the scene, she stopped the flow of traffic in the southbound lanes. Hall, driving a semi-trailer owned by Portice and carrying logs, was unable to stop when confronted with the backed-up traffic and collided with several cars. Two motorists were killed. Plaintiffs settled with the estates of the two de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ceased motorists. Defendants took no part in the settlement negotiations.

Thereafter, plaintiffs filed a complaint seeking contribution from defendants. Defendants responded with a motion for summary disposition pursuant to MCR 2.116(C)(7), (8) and (10), arguing that governmental immunity barred plaintiffs' claims. The circuit court opined that the actions attributed to Deputy Jelinek by plaintiffs' amended complaint did not constitute the creation of an intentional nuisance and, further, that the acts were discretionary rather than ministerial. Accordingly, the circuit court concluded that the deputy and the other defendants were entitled to governmental immunity.

Plaintiffs attempt to impose vicarious liability on defendants Otsego County Sheriff's Department and Otsego County Sheriff for the actions of Deputy Jelinek. We find that the circuit court's grant of summary disposition on the vicarious liability claims was appropriate.

The circuit court granted summary disposition pursuant to MCR 2.116(C)(8). A motion brought pursuant to this court rule is tested by the pleadings alone. Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery, the motion should be denied. *Martin v Michigan,* 129 Mich App 100, 104-105; 341 NW2d 239 (1983), lv den 422 Mich 891 (1985).

Where a plaintiff alleges that a governmental agency is vicariously liable for the torts of its officers, employees or agents, this liability is premised on the employer-employee or principal-agent relationship which exists between the entity and the individual tortfeasor. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). Generally, liability under respondeat supe-

rior can be imposed only where the individual tortfeasor acted during the course of his employment and within the scope of his authority. If either of these conditions is not met, a governmental entity cannot be held vicariously liable. *Ross, supra.* However, the doctrine of respondeat superior does not apply to make a sheriff liable for the acts of his deputies. *Bayer v Macomb Co Sheriff,* 29 Mich App 171, 174; 185 NW2d 40 (1970); MCL 51.70; MSA 5.863. Neither can vicarious liability be imposed, as a matter of law, on the county sheriff's department for the acts of a deputy. *Bayer, supra,* p 175; Const 1963, art 7, § 6.

Accordingly, no factual support could possibly justify a right to recovery by plaintiffs as against defendants Otsego County Sheriff's Department and Otsego County Sheriff. The circuit court based its grant of summary disposition on the governmental immunity provided in MCL 691.1407; MSA 3.996(107). This Court affirms the trial court's decision because it reached the right result albeit for the wrong reason. *DeWitt Twp v Clinton Co,* 113 Mich App 709, 713; 319 NW2d 2 (1982).

Plaintiffs also attempt to impose individual liability on Deputy Sheriff Jelinek. In *Ross, supra,* pp 633-634, our Supreme Court stated:

> [J]udges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their judicial, legislative, or executive authority. Lower level officials, employees, and agents are immune from tort liability only when they are
>
> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
>
> 2) acting in good faith; and
>
> 3) performing discretionary, as opposed to ministerial acts.

In response to defendants' motion for summary disposition as to defendant Jelinek, plaintiffs did not assert Jelinek was acting outside the scope of her authority or in bad faith. Instead, plaintiffs claimed that liability could be imposed on Jelinek because her actions were ministerial rather than discretionary. The circuit court ruled that the deputy's actions were a connected series of discretionary decisions based upon the officer's perception of what the exigencies of the circumstances confronting her required. We agree.

In *Ross, supra,* p 634, our Supreme Court defined discretionary acts as those which require personal deliberation, decision and judgment. Ministerial acts, on the other hand, are those which constitute merely obedience to orders or the performance of a duty in which the individual has little or no choice. The *Ross* Court specifically discussed the application of the discretionary/ministerial acts distinction with regard to police officers:

> Police officers, especially when faced with a potentially dangerous situation, must be given a wide degree of discretion in determining what type of action will best ensure the safety of the individuals involved and the general public . . . . The determination of what type of action to take . . . is a discretionary-decisional act entitled to immunity. Once that decision has been made, however, the execution thereof must be performed in a proper manner. [*Ross, supra,* pp 659-660.]

In the instant case, plaintiffs' allegations of negligent conduct addressed conduct which was clearly discretionary in nature. The actions taken by Deputy Jelinek in response to the emergency situation were alleged by plaintiffs to be negligent. Plaintiffs alleged that the way Jelinek responded

to the emergency was negligent; plaintiffs do not allege that Jelinek's decision as to how to respond was not appropriate, but that it was negligently carried out. Consequently, plaintiffs' complaint did not allege acts which were ministerial in nature. Plaintiffs' complaint failed to state a claim against defendant Jelinek.

Affirmed.